[Civ. No. 34529. Second Dist., Div. Five. Apr. 22, 1970.]

JOHN M. JOHNSTON et al., Plaintiffs and Appellants, v.
SECURITY INSURANCE COMPANY OF HARTFORD,
Defendant and Respondent.

## COUNSEL

Wellington Y. Kwan and Irene S. Chait for Plaintiffs and Appellants.

Ives, Kirwan & Dibble and Martin J. Kirwan for Defendant and Respondent.

## OPINION

**AISO, J.**—Claimants John M. Johnston, Mab Johnston, and Mary E. Butcher (hereafter "claimants") made a claim for the payment of a fire loss under a policy issued by defendant (respondent) Security Insurance Company of Hartford (hereafter "respondent"). Differences arose as to the amount payable and the parties resorted to arbitration for resolution of their dispute pursuant to terms of the policy.[1] Respondent selected

---

[1] The parties have indiscriminately used the terms "arbitrator" and "appraiser" in referring to Watson and Burgard and the terms "neutral arbitrator" and "neutral umpire" with reference to Walsh. The policy provision under which they acted reads: "APPRAISAL. In case the insured and this company shall fail to agree as to the actual cash value or the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within 20 days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for 15 days to agree upon such umpire, then, on request of the insured or this company, such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then appraise the loss, stating separately actual cash value and loss to each item; and, failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two when filed with this company shall determine the amount of actual cash value and loss. Each appraiser shall be

Jairus H. Watson as its "competent and disinterested appraiser"; claimants designated attorney Leo A. Burgard as their "competent and disinterested" appraiser ; and Watson and Burgard selected attorney William R. Walsh as the "competent and disinterested umpire." Umpire Walsh made an award in favor of claimant Mary Butcher for $10,600, which was concurred in by appraiser Burgard only. Upon cross-petitions by claimants to confirm the award and by respondent to vacate the award, the superior court made a minute order which provides in part here relevant: "Petition of claimants to confirm the award, etc., is denied. [¶] Petition of respondent to vacate the award is granted." From this order claimants appeal.

Issues dispositive of the appeal are: (1) Should the rule enunciated in *Commonwealth Coatings Corp.* v. *Continental Cas. Co.* (1968) 393 U.S. 145 [21 L.Ed.2d 301, 89 S.Ct. 337] rehearing denied, 393 U.S. 1112 [21 L.Ed.2d 812, 89 S.Ct. 848], be adopted as a legal cause for vacating an arbitration award?  (2) Did the superior court's failure to make findings of fact and conclusions of law in the context of this case render the order appealed from invalid?

We answer the first question, "yes," and the second question, "no," for the reasons set forth below.

## I.

Two possible grounds upon which a federal court can vacate an arbitration award upon the application of either party to an arbitration are: "(a) Where the award was procured by corruption, fraud, or undue means. (b) Where there was evident partiality or corruption in the arbitrators, or either of them." (9 U.S.C.A. § 10, subds. (a) and (b).) The California statutory provisions in this respect are practically identical: ". . . the court shall vacate the award if the court determines that: (a) The award was procured by corruption, fraud or other undue means; (b) There was corruption in any of the arbitrators; . . ." Code Civ. Proc., § 1286.2, subds. (a) and (b).). Notwithstanding this express enumeration by statute as to the grounds upon which a federal court can vacate an arbitration award, the United States Supreme Court in the *Commonwealth Coatings* case, *supra,* held that even in the absence of any showing of actual fraud, corruption, or partiality on the part of the third (neutral) arbitrator, his

---

paid by the party selecting him and the expenses of appraisal and umpire shall be paid by the parties equally."

It appears from the record that the respective appraisers submitted their respective figures as to the loss payable and that the hearing proper was conducted by the neutral umpire alone taking active part. The parties, however, have treated the proceeding as an arbitration, as in the case of *Canadian Indem. Co.* v. *Ohm* (1969) 271 Cal.App.2d 703, 706 [76 Cal.Rptr. 902], and we do likewise.

failure to disclose even sporadic but substantial business relationships with a party to the arbitration constituted legal cause for vacating the award.

Justice Black speaking for the court stated: "It is true that arbitrators cannot sever all their ties with the business world, since they are not expected to get all their income from their work deciding cases, but *we should, if anything, be even more scrupulous to safeguard the impartiality of arbitrators than judges, since the former have completely free rein to decide the law as well as the facts and are not subject to appellate review.* We can perceive no way in which the effectiveness of the arbitration process will be hampered by the simple requirement that *arbitrators disclose to the parties any dealings that might create an impression of possible bias."* (Italics added.) (393 U.S. at pp. 148-149 [21 L.Ed.2d at pp. 304-305, 89 S.Ct. at p. 339].)

Justice White in concurring added in part: "The arbitration process functions best when an amicable and trusting atmosphere is preserved and there is voluntary compliance with the decree, without need for judicial enforcement. This end is best served by establishing an atmosphere of frankness at the outset, through disclosure by the arbitrator of any financial transactions which he has had or is negotiating with either of the parties. In many cases the arbitrator might believe the business relationship to be so insubstantial that to make a point of revealing it would suggest he is indeed easily swayed, and perhaps a partisan to that party. But if the law requires the disclosure, no such imputation can arise. And it is far better that the relationship be disclosed at the outset, when the parties are free to reject the arbitrator or accept him with knowledge of the relationship and continuing faith in his objectivity, than to have the relationship come to light after the arbitration, when a suspicious or disgruntled party can seize on it as a pretext for invalidating the award." (393 U.S. at p. 151 [21 L.Ed.2d at p. 306, 89 S.Ct. at p. 340].)

The policy considerations pointed out by Justices Black and White commend the rule enunciated in *Commonwealth Coatings* as a salutary one. We bear in mind "that 'Neither the merits of the controversy . . . nor the sufficiency of the evidence to support the arbitrator's award are matters for judicial review.' [Citation.]" (*Morris* v. *Zuckerman* (1968) 69 Cal.2d 686, 691 [72 Cal.Rptr 880, 446 P.2d 1000].)

The basis of respondent's petition for vacation of the award as set forth in its petition and its counsel's declaration purportedly in support therof is that the neutral umpire failed to disclose his acquaintanceship with the claimants' counsel and the attorney appointed by claimants as an appraiser and of the business dealings past and projected with that attorney-appraiser. The petition to vacate the award further alleges that if those

matters had been disclosed at the outset, respondent "would have objected to the appointment of William R. Walsh as 'neutral' umpire."

The record on appeal, augmented upon the claimants' request under rule 12 of the California Rules of Court, by the trial court file and the policy of insurance (introduced in the superior court as an exhibit), discloses no responses filed either to respondent's petition to vacate or to claimants' petition to confirm the award. In absence of a response, the allegations of a petition are deemed admitted. (Code Civ. Proc., § 1290.)[2] Even if we should consider claimants' petition to confirm the award and the declarations purportedly in support thereof as responses, they do not deny the allegations concerning the acquaintanceship of the neutral umpire with claimants' counsel and the appraiser designated by them. In fact, in appraiser Burgard's declaration in support of the petition to confirm the award, he states in part: "Your declarant first met . . . Walsh in 1962 during litigation in a civil action in which [he] was the opposing counsel. Since that time your declarant [Burgard] has been associated with . . . Walsh on various cases and has been referred cases by . . . Walsh. [¶] On the date of the hearing your declarant was representing a client referred to him by . . . Walsh in a matter pending in the San Diego Court." The $10,600 figure as the amount of the award resulted from the neutral umpire adopting appraiser Burgard's figure, rather than appraiser Watson's figure.

Thus the undisputed facts bring this facet of the arbitration proceedings under review within the zone where the rule of *Commonwealth Coatings* is applicable. The difference in the acquaintanceship being with claimants' counsel and appraiser Burgard and the business dealings being with Burgard instead of directly with the claimants, or any of them, is insufficient to remove the acquaintanceship and dealings beyond the scope of creating an impression of bias.

Walsh, the neutral umpire or arbitrator, should have disclosed his acquaintanceship with claimants' counsel and Burgard and his past and prospective business dealings with Burgard. The fact that no actual fraud or bias was charged or proved against the neutral umpire is immaterial. We do not intend by our decision to imply any actual wrong dealings by Burgard, Walsh, or by claimants' counsel. Nevertheless Walsh was under a legal duty to "disclose to the parties any dealings that might create an

---

[2]"A proceeding under this title in the courts of this State is commenced by filing a petition. Any person named as a respondent in a petition may file a response thereto. The allegations of a petition are deemed to be admitted by a respondent duly served therewith unless a response is duly served and filed. The allegations of a response are deemed controverted or avoided."

impression of possible bias" at the outset of the hearings. The superior court, therefore, was correct in ordering the award vacated.

## II.

■ Claimants raise for the first time in their closing brief their contention that the minute order appealed from is void for want of supportive express findings of fact and conclusions of law.[3] They cite section 1291 of the Code of Civil Procedure and *A.D. Hoppe Co. v. Fred Katz Constr. Co.* (1967) 249 Cal.App.2d 154 [57 Cal.Rptr. 95] for their position. Section 1291 does provide: "Findings of fact and conclusions of law shall be made by the court whenever an order or judgment, except a special order after final judgment, is made that is appealable under this title." And "[a]n order dismissing a petition to confirm" and "[a]n order vacating an award unless a rehearing in arbitration is ordered" are both appealable orders. (Code Civ. Proc., § 1294, subds. (b) and (c).) There is language in the *A.D. Hoppe* case that a minute order entered without compliance with section 1291 might itself constitute good cause for reversal of the order. (*A.D. Hoppe Co. v. Fred Katz Constr. Co., supra,* at p. 158.) However, we held in *Allstate Ins. Co. v. Orlando* (1968) 262 Cal.App.2d 858, 867 [69 Cal.Rptr. 702], that section 1291 should be read together with section 632 of the same Code of Civil Procedure and that if the petition or motion presented no issue of fact and only one of law, no specific findings and conclusions were necessary.

While specific findings recapitulating the uncontroverted facts and a specific conclusion of law might have promoted clarification and expediency, such findings and conclusion were not required as a matter of law in the context of this case. In *Fuentes v. Tucker* (1947) 31 Cal.2d 1, 4 [187 P.2d 752], it was held: "If facts alleged in the complaint are not controverted by the answer, they are not in issue, and no evidence need be offered to prove their existence." Furthermore, "no finding is necessary as to any allegation admitted by the pleadings and a finding contrary thereto cannot stand." (*Kennedy v. Byrum* (1962) 201 Cal.App.2d 474 [20 Cal.Rptr. 98]; accord: *California Corrugated Culvert Co. v. Stewart*

---

[3]We do not approve of this practice of raising a new point in the appellants' closing brief in the absence of a showing of good cause why it was not raised in their opening brief. Raising a new point belatedly is unfair to the respondent who has no opportunity to research the point and reply to it. And if the point must be considered in the interest of justice, the court must either delay submission of the cause or conduct its own research. (See, e.g., *Bank of America v. Frost* (1962) 205 Cal. App.2d 614, 619 [23 Cal.Rptr. 441] [question of special findings requested by appellant but not made by court disregarded as not having been timely raised]; *Radinsky v. T. W. Thomas, Inc.* (1968) 264 Cal.App.2d 75, 81 [70 Cal.Rptr. 150] [appellant must show good cause for not raising all his points on appeal in his opening brief].)

(1932) 215 Cal. 120, 123 [8 P.2d 1013].) While the two cases just cited pertain to findings of fact required under section 632 of the Code of Civil Procedure, the rationale of those cases is equally applicable to findings in connection with judicial proceedings pertaining to arbitration awards. Here the operative facts for invoking the rule of the *Commonwealth Coatings* case are admitted by the pleadings and the declarations. The omission of the superior court to make express findings and conclusions in this context did not vitiate the minute order in question.

### III.

The order denying the petition to confirm the arbitration award and granting the petition to vacate the award is affirmed; each side to bear its own costs on appeal.

Kaus, P. J., and Reppy, J., concurred.