[Civ. No. 52744. Second Dist., Div. Three. Aug. 21, 1978.]

STEVEN GONZALES, Plaintiff and Appellant, v.
INTERINSURANCE EXCHANGE OF THE AUTOMOBILE CLUB
OF SOUTHERN CALIFORNIA, Defendant and Respondent.

**COUNSEL**

Joseph M. Fredrics for Plaintiff and Appellant.

Gilbert, Kelly, Crowley & Jennett and Patrick A. Mesisca for Defendant and Respondent.

**OPINION**

**ALLPORT, J.**—Steven Gonzales appeals from an order of dismissal entered following sustaining of a demurrer to his third amended petition to vacate an arbitration award. The demurrer was sustained without leave to amend for failure to state facts sufficient to constitute a cause of action. The appeal lies. (Code Civ. Proc., § 1294, subd. (b).)

*Facts*

The petition sought to vacate an arbitration award made by an arbitrator appointed by the American Arbitration Association pursuant to the uninsured motorist portion of petitioner's automobile insurance policy issued by respondent Interinsurance Exchange of the Automobile Club of Southern California. Petitioner was awarded $9,000 for painful chest injuries including possible fractures of three ribs and minimal shoulder and back complaints. In pertinent part the petition alleged:

"6. That the arbitrator substantially prejudiced the petitioner's rights by failing to consider the medical evidence before him. That he exceeded his powers in the method and means he used in making his award and that his conduct in making the award was contrary to the provisions of the arbitration statute, in that he analogized his personal experiences and injuries in making the award and compared his own personal injuries to that of the petitioner, the arbitrator being some 40 years older than the petitioner.

"That the arbitrator committed misconduct, substantially prejudicing petitioner's rights by failing to disclose that he had similar injuries to petitioner and that he therefore was prejudiced to any claim of continuing medical problems by others with these [*sic*] type of injuries.

"7. That the arbitrator committed misconduct by failing to disclose to the Petitioner that he knew ROGER KELLY, as the senior partner of defendant's law firm for a period of 40 years; that said senior partner courted and dated said arbitrator's sister-in-law for many years; that the arbitrator and the aforesaid partner of Respondent's law firm are 'good friends,' and maintain to this date a personal relationship which existed at the time of the arbitration."

*Contention*

It is contended on appeal that the court below erred in concluding the petition failed to state facts sufficient to constitute a cause of action. We do not agree with this contention and for reasons to follow will affirm.

*Discussion*

The statutory grounds upon which a court may vacate an arbitration award are set forth in Code of Civil Procedure section 1286.2, as follows:

"(a) The award was procured by corruption, fraud or other undue means;

"(b) There was corruption in any of the arbitrators;

"(c) The rights of such party were substantially prejudiced by misconduct of a neutral arbitrator;

"(d) The arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted; or

"(e) The rights of such party were substantially prejudiced by the refusal of the arbitrators to postpone the hearing upon sufficient cause being shown therefor or by the refusal of the arbitrators to hear evidence material to the controversy or by other conduct of the arbitrators contrary to the provisions of this title."

Our examination of the petition reveals but three possible grounds for vacating the award. One, that the arbitrator failed to "consider the medical evidence before him." Two, that he failed to disclose the existence of a "personal relationship" of many years standing with the senior partner of the law firm employed to represent respondent insurance company. Three, that he failed to disclose the existence of personal injuries previously suffered by himself and other physical disabilities that he had which were referred thereto in equating the nature and extent of the injuries suffered by petitioner in the instant case.[1] ■ We now proceed to examine each of these three possible grounds for vacating the award bearing in mind that we are required to accept all allegations as susceptible of proof and determine therefrom the sufficiency of the petition as a matter of law. (*Shaeffer* v. *State of California* (1970) 3 Cal.App.3d 348, 354 [83 Cal.Rptr. 347]; *Roberts* v. *Wachter* (1951) 104 Cal.App.2d 281, 287-288 [231 P.2d 540].)

---

[1]In the arbitrator's opinion, a copy of which is attached to the petition, we find this comment:

"Claimant suggested he swam, yet it was apparent to the Arbitrator that Claimant's swimming was not a really serious proposition with him. The Arbitrator has a diminished vital capacity by numerous tests of 20% yet at 66 years of age, still swims in competition and averages a half mile a day everyday with no shortness of breath other than a normal shortness of breath which would accompany any sport of intense activity.

"While it is not always possible to equate one's problems with those of another, the Arbitrator in one accident, sustained 5 broken ribs on one side and in another accident, 3 broken ribs together with other injuries, yet was in court with a jury trial 3 days later. Painful, yes, but not something which extended 4 years."

■ First, we must determine whether alleging a failure to *consider* evidence is tantamount to alleging a refusal to *hear* evidence.[2] We believe that it is not. Webster defines the words consider and hear to leave no other conclusion. *Hear* is "To perceive by the auditory sense; to take cognizance of by ear; to give audience or allowance to speak; to listen to . . . ." *Consider* is "to view attentively . . . to fix the mind on, with a view to careful examination; to think on with care; to ponder; to study; to meditate on; . . ." It is obvious from these definitions that the two words are not synonymous. One cannot "consider" what one has refused to "hear." Legally speaking the admission of evidence is to hear it, and the weighing of it is to give it consideration. The failure to allege a refusal to hear evidence renders this petition fatally defective in this respect, since failure to consider evidence is not a ground to vacate the award. By reference to the arbitrator's opinion, which is attached to the petition, it is clear that medical evidence was both heard and considered belying allegations to the contrary in the petition itself.

■ Second, with respect to "personal relationship" being a basis for vacating the award, we are immediately confronted with the statement in *Canadian Indem. Co.* v. *Ohm* (1969) 271 Cal.App.2d 703, 707 [76 Cal.Rptr. 902], wherein this court said, "The sole grounds for vacating an arbitration award are those set forth in Code of Civil Procedure, section 1286.2." (Citation omitted.) Without more we would be inclined to agree with the implied conclusion of the court below that a personal relationship is not a ground for vacating the award and would affirm. However, loose language in *Johnston* v. *Security Ins. Co.* (1970) 6 Cal.App.3d 839 [86 Cal.Rptr. 133], requires us to think twice before reaching such a conclusion. In *Johnston,* it was said at pages 842-843: "The basis of respondent's petition for vacation of the award as set forth in its petition and its counsel's declaration purportedly in support thereof is that the neutral umpire failed to disclose his acquaintanceship with the claimants' counsel and the attorney appointed by claimants as an appraiser and of the business dealings past and projected with that attorney-appraiser. The petition to vacate the award further alleges that if those matters had been disclosed at the outset, respondent 'would have objected to the appointment of William R. Walsh as "neutral" umpire.'"

Relying heavily upon *Commonwealth Corp.* v. *Casualty Co.* (1968) 393 U.S. 145 [21 L.Ed.2d 301, 89 S.Ct. 337], construing federal law practically identical with that expressed in section 1286.2, the *Johnston* court went on

---

[2]Both sides apparently agree that medical evidence was material evidence in this case. No issue of its materiality is raised.

to say at pages 841-842: "Notwithstanding this express enumeration by statute as to the grounds upon which a federal court can vacate an arbitration award, the United States Supreme Court in the *Commonwealth Coatings* case, *supra*, held that even in the absence of any showing of actual fraud, corruption, or partiality on the part of the third (neutral) arbitrator, his failure to disclose even sporadic but substantial business relationships with a party to the arbitration constituted legal cause for vacating the award." concluding at pages 843-844:

"Thus the undisputed facts bring this facet of the arbitration proceedings under review within the zone where the rule of *Commonwealth Coatings* is applicable. The difference in the acquaintanceship being with claimants' counsel and appraiser Burgard and the business dealings being with Burgard instead of directly with the claimants, or any of them, is insufficient to remove the acquaintanceship and dealings beyond the scope of creating an impression of bias.

"Walsh, the neutral umpire or arbitrator, should have disclosed his acquaintanceship with claimants' counsel and Burgard and his past and prospective business dealings with Burgard. The fact that no actual fraud or bias was charged or proved against the neutral umpire is immaterial. We do not intend by our decision to imply any actual wrong dealings by Burgard, Walsh, or by claimants' counsel. Nevertheless Walsh was under a legal duty to 'disclose to the parties any dealings that might create an impression of possible bias' at the outset of the hearings. The superior court, therefore, was correct in ordering the award vacated."

We interpret *Johnston* as holding that the failure to disclose the existence of an acquaintanceship *involving a substantial business relationship* may indicate a possible bias justifying the vacation of an arbitration award.

In the instant case no allegation of a business relationship between the arbitrator and respondent's attorneys is found in the petition. It remains for us to decide whether a pure personal relationship (acquaintanceship) requires that the award be vacated. ■ We agree that, as was said in *Commonwealth, supra*, 393 U.S. 145, an arbitrator should disclose "any dealings that might create an impression of possible bias." (*Id.*, at p. 149 [21 L.Ed.2d at p. 305].) ■ However, we cannot say that the "dealings" alleged to exist in the instant case can realistically be said to create an impression of bias. It is not unusual in this day and age for attorneys practicing law in the same community to be friendly acquaintances.

Absent more, such does not create the "impression of possible bias" condemned by the *Commonwealth* and *Johnston* courts. We note that there is no allegation in the instant petition that the arbitrator was in fact biased in favor of respondent or against petitioner. In upholding an arbitration award in face of claimed bias of the arbitrator the court in *San Luis Obispo Bay Properties, Inc.* v. *Pacific Gas & Elec. Co.* (1972) 28 Cal.App.3d 556, said at pages 567-568 [104 Cal.Rptr. 733]:

"In *Commonwealth Corp.* v. *Casualty Co.* (1968) 393 U.S. 145 [21 L.Ed.2d 301, 89 S.Ct. 337], the United States Supreme Court, interpreting the federal statutory grounds for vacating an arbitration award, announced the rule that arbitrators must 'disclose to the parties any dealings that might create an impression of possible bias.' (*Id.,* at p. 149 [21 L.Ed.2d at p. 305].) The comparable statutory grounds in California are substantially similar, and the 'impression of possible bias' rule has been held applicable in this jurisdiction. (*Johnston* v. *Security Ins. Co.,* 6 Cal.App.3d 839, 841 [86 Cal.Rptr. 133].)

"Appellant complains of the nondisclosure of two relationships. The first, between the neutral arbitrator and respondent's appointed appraiser (Shelger), is lacking in substance. Appellant cites only two indicia of this relationship. Goode and Shelger belonged to the same M.A.I. chapter, but membership in the same professional organization is in itself hardly a credible basis for inferring even an impression of bias. (See *St. Paul Insurance Companies* v. *Lusis,* 6 Wn.App. 205 [492 P.2d 575] [neutral arbitrator member of Board of Governors of State Trial Lawyers Assn.; opposing counsel president of that body].)

"Goode and Shelger had also referred cases to each other, but only once or twice per year, and never for any kind of consideration. While this latter point presents a closer question, we think it important (though not in itself determinative) that the references were not made for consideration. The relationship in *Commonwealth Corp.* was a 'close financial' one, involving about $12,000 in fees over four or five years. Here there is no showing that Goode and Shelger did anything more than merely refer their overflow cases to other appraisers—presumably to several others as well, since both men had more business than they could handle. It would perhaps be a different matter if they had referred more cases to each other than to other appraisers, or had regularly given each other the first opportunity at a reference (or the first opportunity at particularly desirable cases), but there is no indication of any favoritism

or unusual preference here—nothing, in short, that could be fairly said to create an impression of possible bias as a matter of law.

"If the impression of possible bias rule is not to emasculate the policy of the law in favor of the finality of arbitration, the impression must be a reasonable one. (See *Commonwealth Corp., supra,* 393 U.S. at p. 150 [21 L.Ed.2d at p. 305]; cf. *Cross Properties, Inc.* v. *Gimbel Brothers, Inc.,* 15 App.Div.2d 913 [225 N.Y.S.2d 1014]; *St. Paul Insurance Companies* v. *Lusis, supra,* 492 P.2d at p. 580.) In the final analysis, each case must depend on its own facts (*Colony Liquor Dist., Inc.* v. *Local 699, I.B.T., C., W. & H.,* 34 App.Div.2d 1060 [312 N.Y.S.2d 403]). We agree with the trial court's conclusion that the evidence relating to the Goode-Shelger relationship was insufficient to create a reasonable impression of possible bias regardless of whether the issue be viewed as one of law or fact or as a mixed question of law and fact." We believe that statement to be determinative of this issue in the instant case.

■ Finally, we turn to the failure of the arbitrator to disclose the possibility that he might equate the subject injury in light of his own diminished vital capacity and prior broken ribs. Arguing that Code of Civil Procedure section 1282.2, subdivision (g), requires the arbitrator to disclose any information not obtained at the hearing upon which he intends to base the award and that, in failing to do so, he was guilty of misconduct, petitioner contends the award should be vacated under section 1286.2, subdivision (c), *supra.* The argument has little merit. To be considered actionable the misconduct, if any, in failing to disclose the existence of this disability and these injuries must have substantially prejudiced petitioner's rights. While the petition alleges that the arbitrator "was prejudiced to any claim of continuing medical problems by others with these type [*sic*] of injuries," no facts are alleged from which it can be said that petitioner's rights were actually prejudiced by this nondisclosure. The conclusionary statement that his rights were "substantially prejudiced" is not sufficient. (*Griffin* v. *County of Colusa* (1941) 44 Cal.App.2d 915, 918 [113 P.2d 270].) On the contrary, the award of $9,000 for the injuries described in the opinion was substantial and standing alone does not reflect prejudice. There is nothing before us disclosing prejudice. We cannot indulge in the inference that the award would have been greater under other circumstances. The failure to set forth what medical evidence was not heard by the arbitrator or any facts indicating

that the award did not reasonably compensate for all damage suffered as a proximate result of the accident renders the petition fatally defective.

The order of dismissal is affirmed.

Potter, Acting P. J., and Cobey, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 18, 1978.