[No. B057055. Second Dist., Div. Three. Sept. 22, 1992.]

JEROME NEAMAN et al., Plaintiffs and Appellants, v.
KAISER FOUNDATION HOSPITAL et al., Defendants and Respondents.

COUNSEL

Mark S. Ravis for Plaintiffs and Appellants.

Kennedy P. Richardson, Mark Palley, Baker, Silberberg & Keener and David A. Arkuss for Defendants and Respondents.

OPINION

KLEIN, P. J.—Plaintiffs and appellants Jerome Neaman, Avery Neaman and Blythe Leiderman (the Neamans) appeal from the judgment entered in favor of defendants and respondents Kaiser Foundation Hospitals, Southern California Permanente Medical Group, and Kaiser Foundation Health Plan,

Inc. (Kaiser), following the trial court's denial of the Neamans' motion to vacate an arbitrator's award.

Because the neutral arbitrator failed to disclose a substantial business relationship with Kaiser, the judgment will be reversed and the matter remanded to the trial court for vacation of the arbitrator's award and a rehearing before a new panel of arbitrators.

## FACTUAL AND PROCEDURAL BACKGROUND

The Neamans, who are the spouse and adult children of Freya Neaman, deceased, filed an action in superior court against Kaiser for medical malpractice in treating the decedent for lung cancer.

The superior court action was stayed and the case was submitted to mandatory binding arbitration pursuant to the provisions of decedent's medical and hospital service agreement (the Agreement) with Kaiser.

The matter was arbitrated on December 17 and 18, 1990, before a panel of three arbitrators as required by the Agreement.[1] The arbitrators selected by the parties were P. Theodore Hammond (Hammond) on behalf of Kaiser and Albert Barouh (Barouh) on behalf of the Neamans. Retired Los Angeles Superior Court Judge Ralph Drummond (Drummond) served as neutral arbitrator.[2] The proceeding resulted in an award in favor of Kaiser.

a. *Motion to vacate the award.*

The Neamans moved to vacate the award on the ground they discovered, after the arbitration hearing was concluded, Drummond had been named by Kaiser as its party arbitrator on a number of prior occasions. The Neamans urge Drummond thus failed to disclose a previous business relationship with Kaiser.

Counsel for the Neamans declared Drummond admitted in a telephone conversation he "had in fact worked for Kaiser" more than a half-dozen times.

---

[1] Section 8B of the Agreement provides, in part; "Claimant and Respondent each shall designate an arbitrator and give written notice of such designation to the other, . . . Within 30 days after these notices have been given . . . , the two arbitrators so selected shall select a neutral arbitrator and give notice of the selection to Claimant and all Respondents served, and the three arbitrators shall hold a hearing within a reasonable time thereafter."

[2] We adopt the terminology suggested by the California Law Revision Commission and approved by the courts in *Good* v. *Kaiser Foundation Hospital* (1984) 152 Cal.App.3d 819, 822-823 [199 Cal.Rptr. 581], and *Tate* v. *Saratoga Savings & Loan Assn.* (1989) 216 Cal.App.3d 843, 852 [265 Cal.Rptr. 440], i.e., the arbitrator appointed by the two arbitrators chosen by the parties is designated the neutral arbitrator and the arbitrators representing the parties are designated party arbitrators.

The Neamans' party arbitrator, Barouh, declared Kaiser's arbitrator, Hammond, suggested Drummond's selection as neutral arbitrator, revealing only that he was a retired superior court judge and was associated with David Harney prior to his judicial appointment.[3] According to Barouh, there was no disclosure of Drummond's previous appointments by Kaiser. Barouh would not have agreed to Drummond's acting as neutral arbitrator had he been fully informed of Drummond's history.

Opposing the motion to vacate, Drummond and Hammond declared Barouh was informed of Drummond's prior arbitration experience on the morning of the first day of the hearing prior to its commencement. Drummond's history with Kaiser was also discussed later at luncheon meetings during the hearing.[4] According to these witnesses, neither Barouh nor counsel for the Neamans made any complaint regarding Drummond's past experience as an arbitrator in Kaiser matters.

In his declaration, Drummond stated 30 percent of his professional time since his retirement from the bench had been spent as an arbitrator in Kaiser matters; 65 percent of that time was spent as a claimant's party arbitrator, 30 percent as the neutral arbitrator, and 5 percent (about 5 cases) as Kaiser's arbitrator. He felt he enjoyed a variety of appointments because he had "developed a reputation for complete fairness and integrity and a reputation for 'calling them as I see them.' "

In reply, Barouh declared he, Hammond and Drummond exchanged pleasantries in the moments prior to the arbitration hearing, in the course of which Drummond disclosed he was a retired superior court judge and participated in many arbitrations. Drummond also stated he was once associated with David Harney. Barouh denied Drummond at any time disclosed his previous appointment as an arbitrator for Kaiser. In Barouh's opinion, the declarations

---

[3]Hammond suggested either Drummond or Robert Nye to act as neutral arbitrator.

[4]Hammond declared, inter alia: "On December 17, 1990, prior to the commencement of the *Neaman* hearing . . . I was a party to a conversation wherein Judge Drummond advised both myself and Mr. Barouh concerning his past experience as an arbitrator in Kaiser matters. He told us both that in the past he had served as an arbitrator in all capacities having been appointed by claimants' counsel and respondents' counsel and jointly as in the present proceeding. Judge Drummond repeated the substance of this conversation regarding his prior experience as an arbitrator in Kaiser matters at subsequent lunches during the *Neaman* hearing wherein Mr. Barouh and I were both present."

Drummond declared, inter alia: "On the morning of December 17, 1990, before the commencement of the *Neaman* v. *Kaiser* arbitration . . . , I advised both party arbitrators . . . in substance regarding my prior service as arbitrator in Kaiser matters. I stated that I had served as claimant's arbitrator, respondents' arbitrator and as the neutral arbitrator in the past. . . . I reiterated my statements regarding my prior service as an arbitrator in Kaiser matters at lunches during the *Neaman* hearing at which both Messrs. Hammond and Barouh were present."

of Hammond and Drummond failed to contradict his previous declaration, as neither claimed Barouh was informed of Drummond's previous role as arbitrator for Kaiser.

b. *The trial court ruling.*

The trial court denied the motion to vacate, ruling there was no business relationship between Drummond and Kaiser, and there was no showing of corruption, fraud or bias.

## CONTENTIONS

The Neamans contend (1) the evidence before the trial court indisputedly established Drummond's failure to disclose his prior employment as a Kaiser party arbitrator, and (2) Drummond's failure to unambiguously reveal his prior service as Kaiser's party arbitrator requires vacation of the arbitration award.

Kaiser contends (1) Drummond had no duty to disclose to plaintiffs his past service as Kaiser's party-chosen arbitrator, and (2) even assuming such a duty, it was satisfied by Drummond's statements to Hammond and Barouh.

## DISCUSSION

1. *Standard of Review*

An arbitration award shall be vacated if the court determines that: "(a) The award was procured by corruption, fraud or other undue means; [¶] (b) There was corruption in any of the arbitrators; . . ." (Code Civ. Proc., § 1286.2.)

In *Commonwealth Corp.* v. *Casualty Co.* (1968) 393 U.S. 145 [21 L.Ed.2d 301, 89 S.Ct. 337], the United States Supreme Court, interpreting the federal statutory grounds for vacating an arbitration award, ruled arbitrators must "disclose to the parties any dealings that might create an impression of possible bias" (*id.*, at p. 149 [21 L.Ed.2d at p. 304]). The court held failure to make such disclosure constitutes cause for vacating the award, even absent proof of actual fraud, corruption or bias on the part of the arbitrator.

Statutory grounds for vacation of an award in California (Code Civ. Proc., § 1286.2, subds. (a) and (b)) are practically identical with the comparable federal grounds, and the "impression of possible bias" rule has been held applicable in this jurisdiction. (*Johnston* v. *Security Ins. Co.* (1970) 6

Cal.App.3d 839, 841-842 [86 Cal.Rptr. 133]; *San Luis Obispo Bay Proper-ties, Inc.* v. *Pacific Gas & Elec. Co.* (1972) 28 Cal.App.3d 556, 567 [104 Cal.Rptr. 733].)

The *Commonwealth* court referred to the American Arbitration Association rules which, "while not controlling in this case," (*Commonwealth Corp.* v. *Casualty Co., supra,* 393 U.S. at p. 149 [21 L.Ed.2d at p. 305]), called on an arbitrator "to disclose any circumstances likely to create a presumption of bias or which he believes might disqualify him as an impartial Arbitrator." (*Ibid.*; see American Arbitration Association Rules, § 18, see also, Cal. Code Jud. Conduct, canon 3C(1); Code Civ. Proc., § 170.1, subd. (a)(6)(C).)[5]

In *Commonwealth,* "Justice Black observed that while arbitrators cannot be expected to sever all ties with the business world because they do not make their living out of deciding cases, the court should nevertheless 'be even more scrupulous to safeguard the impartiality of arbitrators than judges, since the former have completely free rein to decide the law as well as the facts and are not subject to appellate review.' ([*Commonwealth Corp.* v. *Casualty Co., supra,*] 393 U.S. 145 at p. 149 [21 L.Ed.2d 301 at p. 305 . . .].)" (*Wheeler* v. *St. Joseph Hospital* (1976) 63 Cal.App.3d 345, 371 [133 Cal.Rptr. 775, 84 A.L.R.3d 343].)

As stated in *Johnston, supra,* 6 Cal.App.3d 839, at pages 841-842, *Com-monwealth* held that "even in the absence of any showing of actual fraud, corruption, or partiality on the part of the third (neutral) arbitrator, his failure to disclose even sporadic but substantial business relationships with a party to the arbitration constituted legal cause for vacating the award." (See also *Gonzales* v. *Interinsurance Exchange* (1978) 84 Cal.App.3d 58, 64 [148 Cal.Rptr. 282].)

"If the impression of possible bias rule is not to emasculate the policy of the law in favor of the finality of arbitration, the impression must be a reasonable one. [Citations.] In the final analysis, each case must depend on its own facts [citation]." (*San Luis Obispo Bay Properties, Inc., supra,* 28 Cal.App.3d at p. 568.)

---

[5]The American Arbitration Association Commercial Arbitration Rules, rule 19, currently require neutral arbitrators to "disclose to the [American Arbitration Association] any circum-stance likely to affect impartiality, including any bias or any financial or personal interest in the result of the arbitration or any past or present relationship with the parties or their counsel." The American Arbitration Association shall then "determine whether the arbitrator should be disqualified and shall inform the parties of its decision, which shall be conclusive."

*2.  The declarations submitted by Kaiser fail to establish full disclosure of Drummond's prior relationship with Kaiser.*

Hammond and Drummond each made two statements with respect to Drummond's disclosure of his prior arbitration experience.

The subject of the first of these statements was Drummond's prior experience in Kaiser matters. Hammond claimed Drummond "advised" him and Barouh "concerning his past experience as an arbitrator in Kaiser matters." Drummond stated he "advised both party arbitrators . . . in substance regarding my prior service as an arbitrator in Kaiser matters."

The second statement was general. Hammond stated Drummond "told us both that in the past he had served as an arbitrator in all capacities having been appointed by claimants' counsel and respondents' counsel and jointly as in the present proceeding." Drummond stated he told his fellow arbitrators "that I had [served] as claimant's arbitrator, respondents' arbitrator and as the neutral arbitrator in the past."

Neither Hammond nor Drummond unambiguously claimed Drummond disclosed to Barouh his prior experience as a party arbitrator for Kaiser.

*3.  Drummond's prior experience as a party arbitrator for Kaiser might create an impression of possible bias.*

In *Johnston,* the neutral arbitrator met one of the party arbitrators when they served as opposing counsel in a case. The two attorneys were thereafter associated on various cases, and the neutral arbitrator referred cases to the party arbitrator. At the time of the arbitration hearing in issue, the party arbitrator was representing a client referred to him by the neutral arbitrator. (*Johnston, supra,* 6 Cal.App.3d at p. 843.) The *Johnston* court stated: "Thus the undisputed facts bring this facet of the arbitration proceedings under review within the zone where the rule of *Commonwealth Coatings* is applicable." (*Ibid.*) The court held the neutral arbitrator should have disclosed his acquaintanceship with the claimant's counsel and the party arbitrator appointed by counsel, as well as his past and prospective business dealings with the party arbitrator.

"The fact that no actual fraud or bias was charged or proved against the neutral umpire is immaterial. We do not intend by our decision to imply any actual wrong dealings . . . . Nevertheless [the neutral arbitrator] was under a legal duty to 'disclose to the parties any dealings that might create an impression of possible bias' at the outset of the hearings." (*Johnston, supra,* 6 Cal.App.3d at pp. 843-844.)

In our case, although Drummond disclosed he previously had acted as an arbitrator in Kaiser matters, he failed to disclose that on five of those prior occasions, he was Kaiser's party arbitrator. While he had served in all capacities in his experience as an arbitrator in Kaiser matters and may well, as he claims, enjoy a reputation for fairness, his relationship with Kaiser was a substantial business relationship, and should have been fully disclosed to the Neamans. (*Johnston, supra,* 6 Cal.App.3d at pp. 843-844.)

## DISPOSITION

The judgment is reversed. The matter is remanded to the trial court which is directed to vacate the arbitrator's award and to order a rehearing before a new panel of arbitrators. (Code Civ. Proc., § 1287.) Neamans to recover costs on appeal.

Croskey, J., and Hinz, J., concurred.

A petition for a rehearing was denied October 21, 1992, and the opinion was modified to read as printed above. Respondents' petition for review by the Supreme Court was denied December 17, 1992. Lucas, C. J., and Panelli, J., were of the opinion that the petition should be granted.