[No. B073890. Second Dist., Div. Two. Sept. 15, 1993.]

KAISER FOUNDATION HOSPITALS, INC., et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
LENA COBURN et al., Real Parties in Interest.

COUNSEL

Quinn, Kully & Morrow, Margaret M. Morrow and Lawrence A. Cox for Petitioners.

No appearance for Respondent.

Michael P. Dacquisto, Robie & Matthai and Pamela E. Dunn for Real Parties in Interest.

OPINION

GATES, J.—Petitioners, Kaiser Foundation Hospitals, Inc., Kaiser Foundation Health Plan, Inc., and Southern California Permanente Medical Group (Kaiser), seek a writ of mandate directing the superior court to set aside its order of January 20, 1993, granting real parties' motion to vacate an arbitration award.

Real parties' wrongful death action against Kaiser was submitted to binding arbitration pursuant to the provisions of Kaiser's medical and hospital service agreement with the decedent. That agreement required that each party select one arbitrator, and that these two would then choose a neutral arbitrator. Kaiser's appointed arbitrator suggested, and the Coburns agreed, that retired Judge Ralph Drummond be appointed as the neutral arbitrator. Drummond did not communicate to real parties his past relations with Kaiser. The subsequently held proceedings resulted in an award in favor of Kaiser.

Thereafter, upon the filing of *Neaman* v. *Kaiser Foundation Hospital* (1992) 9 Cal.App.4th 1170 [11 Cal.Rptr.2d 879], real parties discovered that, in truth, Drummond had served as Kaiser's party arbitrator on a number of prior occasions. Therefore, they moved the trial court to vacate the instant award, as the appellate court had done in *Neaman*, when it concluded that Drummond's "relationship with Kaiser was a substantial business relationship," which "should have been fully disclosed to the Neamans." (*Id.* at p. 1177.)

In opposing this motion, Kaiser necessarily acknowledged Drummond's failure to disclose his past services for Kaiser. It sought instead to rely upon a letter its counsel had sent real parties' counsel approxmiately two years after Drummond had been selected as the neutral arbitrator. When this effort proved unsuccessful at the trial level, it was continued here.

 In the hope of converting the routine factual hearing conducted below into a "cause" warranting relief by extraordinary writ, Kaiser elected to phrase its contentions in this petition, and in its petition for review in our Supreme Court, in the following manner:

"[I.] The trial court abused its discretion in vacating the arbitration award in favor of Kaiser. [¶] A. The ability to waive objection to an arbitrator's 'possible bias' has been universally recognized by courts seeking to protect the finality of arbitration proceedings. B. No absolute rule mandates vacation of an arbitration award rendered by a neutral who neglected to disclose a prior business relationship with a party. [¶] 1. A 'per se' rule is not consistent with existing case law. [¶] 2. A 'per se' rule would not further appropriate policy considerations. [¶] C. Civil Code § 47(b)(2) does not permit the Coburns to disregard knowledge of Judge Drummond's past service for Kaiser imparted by Kaiser's counsel."

It is quite clear, however, that the trial court was neither unaware, nor unappreciative, of the "universally recognized" doctrine of waiver; neither

did it purport to adopt a " 'per se' rule" of law. On the contrary, the court agreed it was possible one party might make the adequate advisements an arbitrator himself should make; it merely determined that that had not occurred in this particular instance. As it stated: "I am shocked to read the letter. For you to say that they are on notice because the counsel for Kaiser notified them that—and it is very artfully drafted. I spent a career drafting letters. I can read an artfully drafted letter. [¶] Let me just read it to you. . . . 'I note that Judge Drummond has been selected by our party arbitrators as the neutral arbitrator. My client and myself will accept him as the neutral in this matter. This is true even though he has sat as a claimant's party arbitrator in other cases against my client, as a neutral in other cases and even as a party arbitrator on behalf of my client.' [¶] There is nothing in there about how many times he sat as a party arbitrator; nothing at all disclosing any of his involvement, just sort of that slipping in that 'even though,' and of course you put first that he 'sat as a claimant's party arbitrator.' "

The court stressed the indisputable fact that Drummond had made no disclosure whatsoever, utterly ignoring his obligation so to do, e.g.: "I really believe that the duty to disclose comes from the neutral arbitrator and I have to consider here the implications of what happened on the process of arbitration in general. [¶] If the courts allow opposing counsel to claim disclosure by a phrase in a letter, that doesn't really disclose anything except that he was a party arbitrator and the courts hold that that relieves the neutral arbitrator of all responsibility of disclosure, then I think we are inviting an awful lot of unfairness in the system. [¶] I think the neutral arbitrator's duty to disclose is very important and should have been fulfilled in this case. . . . The impression of bias claim [*sic*] from Judge Drummond alone or his failure to do what he was supposed to do. That is all I am saying here. That is why I say [Kaiser's counsel's] letter is not a nullity. It is good for what it was. It was an acceptance of the arbitrator and it gratuitously threw in these statements, 'even though' he has done this and this and this, we will accept him. That is insufficient to obviate the impression of bias. . . ."

California Rules of Court, rule 1606 explicitly states that "It shall be the *duty of the arbitrator* to determine whether any cause exists for disqualification upon any of the grounds set forth in section 170.1 of the Code of Civil Procedure governing the disqualification of judges. . . . Unless the ground for disqualification is disclosed to the parties in writing and is expressly waived by all parties in writing, the arbitrator shall promptly notify the administrator of any known ground for disqualification and another arbitrator shall be selected as provided in rule 1605." (Italics added.)

Code of Civil Procedure section 170.1 in turn provides, inter alia, that a judge shall be disqualified if ". . . a person aware of the fact might reasonably entertain a doubt that the judge would be able to be impartial." (Code Civ. Proc., § 170.1, subd. (a)(6)(C).) ■ Indeed, arbitrators are required to disclose to the parties " 'any dealings that might create an impression of possible bias.' " (*Johnston* v. *Security Ins. Co.* (1970) 6 Cal.App.3d 839, 842 [86 Cal.Rptr. 133], italics omitted, quoting *Commonwealth Coatings Corp.* v. *Continental Cas. Co.* (1968) 393 U.S. 145, 149 [21 L.Ed.2d 301, 304-305, 89 S.Ct. 337].) A neutral arbitrator's failure to disclose even sporadic business relationships with a party to the arbitration constitutes legal cause for vacating the award. (*Johnston* v. *Security Ins. Co.*, *supra*, 6 Cal.App.3d at p. 842. See also *Gonzales* v. *Interinsurance Exchange* (1978) 84 Cal.App.3d 58, 64 [148 Cal.Rptr. 282].

■ Here, it is undisputed that Drummond had a prior relationship with Kaiser—one he was required to disclose. He did not do so. Of course, as the trial court recognized, the consequences of such a failure may be overcome if the pertinent facts are actually revealed, or otherwise become known, to the parties in some other fashion. We agree, however, with the court that the terse, and essentially misleading, phraseology of counsel's letter of acceptance, did not adequately fulfill that obligation here.

Disturbingly, even as late as the date the hearing was conducted, and after all the parties had filed their declarations and written points and authorities, Kaiser's counsel conceded they had not sought to determine the extent of Drummond's relationship to their client. In response to their characterizing the import of its ruling in a manner which it correctly labeled "sophistry," the court stated:

"What this does, counsel, is it will make sure every single lawyer for Kaiser, if they have even a scintilla of knowledge that the neutral arbitrator has had contact with Kaiser, that they will insist that the neutral arbitrator perform the neutral arbitrator's duty and disclose it. That is what will happen, I hope. That is what should happen.

"MR. DE HAAS [Kaiser's counsel]: He is not our agent, your Honor. I can't force the neutral arbitrator to do anything. [¶] THE COURT: Then don't accept anybody who won't disclose. You have that obligation to your client. [¶] That is the duty that was not performed here by the neutral arbitrator. . . . I made two findings. I will repeat them again. [¶] One, your letter was insufficient disclosure. [¶] Number two, there was no disclosure by Judge Drummond and there should have been."

Finding no basis for rejecting the trial court's factual determinations, we conclude its decision, which merely requires Kaiser to participate in a second arbitration free of potential taint, did not constitute an abuse of discretion.

The petition is denied, and the alternative writ is discharged. The temporary stay of proceedings issued May 27, 1993, is vacated.

Boren, P. J., and Fukuto, J., concurred.

Petitioners' application for review by the Supreme Court was denied January 13, 1994. Panelli, J., of the opinion that the application should be granted.