FEDERAL VENDING, INC., Plaintiff,

v.

STEAK & ALE OF FLORIDA, INC., Defendant.

No. 98–8303–CIV–DTKH.

United States District Court, S.D. Florida.

July 20, 1999.

Gordon A. Dieterle, Fred W. Mattlin, Mattlin & McClosky, Boca Raton, FL, Gary W. Kovacs, for Federal Vending Inc.

Michael D. Joblove, Teresa Jacqueline Verges, Genovese Lichtman Joblove & Battista, Miami, FL, for Steak & Ale of Florida, Inc.

### ORDER CONFIRMING ARBITRATION AWARD AND AWARD OF ATTORNEY'S FEES

HURLEY, District Judge.

At issue in this *de novo* review of a magistrate judge's report and recommendation is whether an arbitration award must be vacated because one of three arbitrators failed to disclose that, in a recent prior arbitration, he upheld the validity of plaintiff Federal Vending's form-contract liquidated damages clause—a clause which figured prominently in the instant arbitration. Although it would have been preferable to disclose this fact, it is not the type of information which would lead a reasonable person to believe that the arbitrator was biased, *i.e.,* that he was subject to an improper influence that might cause him to decide the matter on some basis other than its merits. Accordingly, the magistrate's report and recommendation is adopted to the extent that it is consistent with this order and the arbitration award and award of attorney's fees are affirmed.

■ "Judicial review of an arbitration award is narrowly limited." *Davis v. Prudential Securities, Inc.,* 59 F.3d 1186, 1190 (11th Cir.1995). Indeed, the Federal Arbitration Act, codified at Chapter 9 U.S.C. § 1, *et seq.* ("FAA"), enumerates only four narrow bases for vacating the arbitration award. At issue here is § 10(a)(2), providing that the award may be vacated "[w]here there is evident partiality or corruption in the arbitrators, or either of them."

■ As Judge Marcus observed when he was a member of this court, "evident partiality, like obscenity, is an elusive concept: one knows it when one sees it, but it is awfully difficult to define in exact terms. No jurist has yet coined an exacting legal standard for 'evident partiality,' although many have tried." *Continental Insurance Co. v. Williams,* 1986 WL 20915, *3–4 (S.D.Fla. Sept.17, 1986) (citations omitted). One point that is agreed upon is that the evident partiality inquiry is a case-specific and fact-intensive one. *See Lifecare Intern., Inc. v. CD Medical, Inc.,* 68 F.3d 429, 435 (11th Cir.1995) (question is "fact intensive" and "highly dependant on the unique factual settings of each particular case"). It is also clear that "the unquestioned starting point in this search for definition is the Supreme Court's decision in *Commonwealth Coatings Corp. v. Continental Casualty Co.,* 393 U.S. 145, 89 S.Ct.

337, 21 L.Ed.2d 301 (1968)." *Continental Insurance*, 1986 WL 20915, *4.

In *Commonwealth Coatings Corp. v. Continental Casualty Co.*, 393 U.S. 145, 89 S.Ct. 337, 21 L.Ed.2d 301 (1968), the Supreme Court held that arbitrators must "disclose to the parties any dealings that might create an impression of possible bias." *Commonwealth Coatings*, 393 U.S. at 149, 89 S.Ct. at 339. The necessity for this rule lies in the fact that arbitrators "have completely free rein to decide the law as well as the facts and are not subject to appellate review." *Id.*

The Eleventh Circuit has recently stated that "the law of [this] Circuit, . . . is that an arbitration award may be vacated due to the 'evident partiality' of an arbitrator only when either (1) an actual conflict exists, or (2) the arbitrator knows of, but fails to disclose, information which would lead a reasonable person to believe that a potential conflict exists."[1] *Gianelli Money Purchase Plan & Trust v. ADM Investor Services, Inc.*, 146 F.3d 1309, 1312 (11th Cir.), *cert. denied*, —— U.S. ——, 119 S.Ct. 540, 142 L.Ed.2d 449 (1998).

■ Because there are no allegations of actual conflict or bias in this case, the court will focus on the second or nondisclo-sure prong identified by the Eleventh Circuit—where an arbitrator knows of, but fails to disclose, information which could create a reasonable impression of bias or partiality. Circumstances of such a nature could come together in any number of configurations. That, of course, is why evident partiality is a fact-intensive, case-specific issue. It is clear, however, that to rise to the level of suggesting partiality in the mind of a reasonable person, the partiality must be "direct, definite and capable of demonstration, rather than remote, uncertain and speculative." *Gianelli*, 146 F.3d at 1312.

Two cases in which there was sufficient evident partiality to justify setting aside the arbitration award are *Continental Insurance Co. v. Williams*, 1986 WL 20915 (S.D.Fla.1986) and *Middlesex Mutual Ins. Co. v. Levine*, 675 F.2d 1197 (11th Cir. 1982). *Continental Insurance* involved alleged evident partiality on the part of the supposedly neutral arbitrator on a three person panel. The arbitrator in question *did* disclose that he knew and used to work with the other two arbitrators and that he had known plaintiff's counsel for "quite a while" and had "settled his first personal injury claim." The court held that the disclosure did not go far enough

---

1. In *Lifecare Intern., Inc. v. CD Medical, Inc.*, 68 F.3d 429, 433 (11th Cir.1995), the Eleventh Circuit states, citing other circuits, that "the mere appearance of bias or partiality is not enough to set aside an arbitration award." This is the only Eleventh Circuit opinion of which this court is aware in which the "mere appearance of bias or partiality" standard is expressly rejected. Indeed, two earlier cases appear at odds with *Lifecare Intern.* In *Middlesex Mutual Insurance Co. v. Levine*, 675 F.2d 1197 (11th Cir.1982), the court cited *Commonwealth Coatings* for the proposition that "it is appropriate to vacate an arbitration award where the neutral arbitrator has the appearance of bias although there is no evidence of corruption, fraud, or partiality." More recently, in *Sunkist Soft Drinks, Inc. v. Sunkist Growers, Inc.*, 10 F.3d 753, 757–58 (11th Cir.1993), *cert. denied*, 513 U.S. 869, 115 S.Ct. 190, 130 L.Ed.2d 123 (1994), the court stated that "[the Eleventh Circuit] has addressed the issue of a neutral arbitrator's conduct and found that any conduct that creates 'a reasonable appearance of bias' war-

rants setting aside an arbitration award on the ground of 'evident partiality.'" *Sunkist Soft Drinks, Inc. v. Sunkist Growers, Inc.*, 10 F.3d 753, 757–58 (11th Cir.1993), *cert. denied*, 513 U.S. 869, 115 S.Ct. 190, 130 L.Ed.2d 123 (1994); (*citing Middlesex Mutual Ins. Co. v. Levine*, 675 F.2d 1197 (11th Cir.1982); *Lozano v. Maryland Casualty Company*, 850 F.2d 1470 (11th Cir.1988)).

Assuming that the Eleventh Circuit has rejected the appearance of bias standard, it is still important to draw a distinction between the "mere appearance of bias or partiality"— on the one hand—and failure on the part of the arbitrator to disclose information known to him which creates "a reasonable impression of bias or partiality," or could "lead a reasonable person to believe that a potential conflict exists." While it may be difficult to identify the difference between the two, the law in this circuit is clear that the latter standard provides a basis for setting aside an arbitration award.

because it did not include the fact that the arbitrator had recently represented a client in an action against Continental—one of the parties to the arbitration. The court also held that the arbitrator should have disclosed his past referral of cases to plaintiff's counsel. Both of these past contacts involved financial links that were direct, definite and capable of demonstration. Under these circumstances, the court held that Continental had sustained its burden of proving evident partiality.

Likewise, the Eleventh Circuit affirmed the district court's decision to overturn an arbitration decision based on evident partiality in *Middlesex Mutual Insurance Co. v. Levine*, 675 F.2d 1197 (11th Cir. 1982). In that case, a supposedly neutral arbitrator failed to disclose that he was entangled in a business dispute with Middlesex Mutual—one of the parties to the arbitration—and was under investigation by the Florida bar in connection with a trust account violation involving Middlesex Mutual. The Eleventh Circuit held that Middlesex Mutual had demonstrated the arbitrator's awareness of and failure to disclose repeated and significant business dealings with one of the parties. This was enough to meet the direct, definite and capable of demonstration test.

On the other hand, cases where courts have rejected arguments seeking to overturn arbitration awards based on evident partiality include *Lifecare Intern., Inc. v. CD Medical, Inc.*, 68 F.3d 429, 435 (11th Cir.1995), and *Gianelli Money Purchase Plan & Trust v. ADM Investor Services*, 146 F.3d 1309 (11th Cir.1998).

In the arbitration at issue in *Lifecare*, defendant-appellant CD Medical was represented by the law firm of White & Case. CD Medical claimed that the arbitration decision in favor of its opponent, Lifecare, should be set aside based on evident partiality arising from the failure of one of the arbitrators to disclose that a year and a half prior to the arbitration, he had a dispute with a White & Case lawyer—not involved in the arbitration in any way—over scheduling of a summary judgment

hearing The other basis pursuant to which CD Medical claimed evident partiality related to the same arbitrator, an of-counsel member of the firm of Greenberg Traurig. Apparently, sometime before that arbitrator joined Greenberg Traurig, CD Medical interviewed the firm regarding representation in the dispute against Lifecare. On an earlier occasion, CD Medical also asked the firm to review an amendment to an agreement between the parties. While ultimately holding that the arbitrator's conduct did not "rise to the level of creating a reasonable impression of bias or partiality," the court was very critical of the arbitrator's failure to disclose. It agreed that the scheduling dispute "should have [been] disclosed prior to commencement of the arbitration proceedings." But, notwithstanding nondisclosure, the court held that the circumstances at issue were so attenuated that an impression of partiality would not be reasonable. With respect to contact between CD Medical and the arbitrator's law firm, the Eleventh Circuit found that there was "no evidence in the record" that the arbitrator was aware of his firm's prior contacts with CD Medical. Because the arbitrator did not know of the contacts, the Eleventh Circuit concluded that there could not be any impression of partiality. Nevertheless, it stated that it "was not condoning [the arbitrator's] conduct [because] even a rudimentary inquiry by [the arbitrator] would have likely revealed [the] prior contacts...."—in which case, of course, disclosure would have been required.

The case of *Gianelli Money Purchase Plan & Trust v. ADM Investor Services*, 146 F.3d 1309 (11th Cir.1998), is another nondisclosure case in which the Eleventh Circuit found no evident partiality. The sole arbitrator in that case served as office manager of a law firm that represented the president of a company affiliated with one of the parties and involved in the arbitration. This fact became known to Gianelli prior to the commencement of the arbitration and it agreed to allow the arbitrator to hear the case. After losing the

arbitration and then discovering that the relationship between the arbitrator's law firm and the company's president was more extensive than previously known, Gianelli sought to vacate the award. The district court found that the arbitrator was not aware of the more extensive relationship. However, it held that had the arbitrator investigated and discovered the contacts, he would have been able to disclose them, affording "Gianelli a more informed basis upon which to decide whether to proceed with [that arbitrator]." Accordingly, the district court set aside the arbitration award. The Eleventh Circuit reversed the lower court decision. "Because [the arbitrator] did not have actual knowledge of the information upon which the alleged 'conflict' was founded, ... 'evident partiality' is not present in this case." *Gianelli Money*, 146 F.3d at 1312.

■■ These cases make clear that the requirement for full disclosure by arbitrators is a serious and far-reaching one. As Judge Marcus said in *Continental Insurance*, 1986 WL 20915 (S.D.Fla. Sept.17, 1986), "the irreducible minimum requirement of *Commonwealth Coatings* is full disclosure...." *Continental Ins.*, 1986 WL 20915 at *4 (quotation omitted). Where this is any doubt as to whether circumstances of which the arbitrator is aware might create an impression of partiality, he should disclose those circumstances. Indeed, although failure to disclose circumstances which present a "close-call" may not be enough—in and of itself—to require setting aside an award, such failure at a minimum requires that the court take a hard look at the *nature* of such undisclosed circumstances. If they are such as to create the impression of a potential bias, the award must be set aside.

In the instant case, shortly before the Federal Vending/Steak & Ale lawsuit was filed, one of the arbitrators served as the sole arbitrator in another Federal Vending case. In the course of that arbitration, he received expert testimony from Federal Vending's president on the issue of liquidated damages and, thereafter, issued a written opinion upholding the validity of Federal Vending's form-contract liquidated damages provision.

When selected to serve as an arbitrator in this proceeding, the arbitrator disclosed that an attorney in his firm represented a party in negotiations wherein that party took a position adverse to Steak & Ale's position in the arbitration. However, he failed to disclose his recent arbitration experience with Federal Vending. The panel found in favor of Federal Vending on liability and then reconvened for the damages portion. At the hearing on the liquidated damages issue, Steak & Ale offered an expert report and testimony in support of its argument that the liquidated damages provision is an unenforceable penalty under Florida law. Federal Vending offered no expert report or testimony. Rather, Federal Vending argued the point in a post-hearing brief, citing and attaching a copy of the arbitrator's decision in its favor on the very same issue.

■ Notwithstanding Federal Vending protestations that Steak & Ale's effort to vacate the award is "demeaning" to the integrity of the arbitration decision, amounts to little more than "regurgitated arguments" and reflects "scorched earth" tactics, the court finds Steak & Ale's contentions to be serious and troubling. Indeed, one suspects that it would be Federal Vending crying "foul" if it found that the arbitrator previously had invalidated a similar liquidated damages provision to Steak & Ale's benefit and failed to disclose this fact. It is reasonable to assume that the validity of Federal Vending's form-contract liquidated damages provision is a recurring issue in every one of its contractual disputes. Certainly both parties had a right to know that one of the arbitrators had reviewed and upheld the validity of this contractual provision in a recent arbitration. Thus, the court has little hesitation in saying that, under the rule of full disclosure, the arbitrator should have disclosed his prior arbitration service involving Federal Vending. The

**1250**

question remains, however, whether his failure to disclose requires that the award be vacated. The court concludes, under the facts of this case, the award should not be vacated.

First and foremost, Steak & Ale has failed to demonstrate any actual prejudice from the arbitrator's failure to disclose. For example, there has been no showing that Steak & Ale was entitled to exercise a peremptory challenge and would have done so to strike the arbitrator had it possessed the nondisclosed information.[2] By the same token, Steak & Ale has failed to demonstrate how it would have tried the case differently had it possessed the nondisclosed information. It is significant that Steak & Ale has not claimed that it was lulled into inaction by the arbitrator's failure to disclose and by Federal Vending's minimizing the importance of this issue. To the contrary, the record shows that Steak & Ale fully understood the importance of the liquidated damages issue and attempted to meet it head-on with expert testimony.

Typically, the type of nondisclosure that requires setting aside an arbitration award involves substantial facts or circumstances that a reasonable person could believe might interfere with an arbitrator's ability to decide the case *on the merits*. *See ANR Coal Co. v. Cogentrix of North Carolina, Inc.*, 173 F.3d 493 (4th Cir.1999) (nondisclosure may merit setting aside arbitration award only when facts not disclosed could create impression of "improper motives"). Thus, case law holds that failure to disclose substantial business dealings, and close social or familial relationships with one of the parties will justify setting aside an award. *See, e.g., Middlesex Mutual Ins. Co. v. Levine*, 675 F.2d 1197 (11th Cir.1982). On the other hand, at least one court has held that prior arbitration service—even when it has involved

one or both of the parties to the present arbitration—does not constitute the type of information which must be disclosed. *See, e.g., Matter of Andros Compania Maritima (Marc Rich & Co.)*, 579 F.2d 691, 701 (2d Cir.1978) (This is not the sort of information an arbitrator would reasonably regard as creating an impression of possible bias.). Again, one must bear in mind that an evident partiality inquiry must be case-specific and fact-intensive. Thus, the better rule is to be safe rather than sorry and make full disclosure, particularly when this involves prior contact with one of the parties. The need for such disclosure is demonstrated by a case in which an arbitrator had been selected repeatedly by one of the parties and had received substantial compensation from that party. *See Kaiser Foundation Hospitals, Inc. v. Superior Court*, 19 Cal. App.4th 513, 23 Cal.Rptr.2d 431 (1993). In the case at bar, however, the contested arbitrator served on one prior arbitration involving the plaintiff, and no one has suggested that he is actually biased because of the compensation he was paid.

Thus, it is key to the court's determination of this issue that the circumstances at issue do not in any way suggest partiality in favor of Federal Vending Inc. against Steak & Ale. Rather, they suggest that the arbitrator, in an earlier arbitration considered a particular issue and made a legal determination *on the merits*. That he might likely decide the same issue the same way in a later arbitration does not mean that he has a bias for or against either party, or that he is motivated for an improper reason to decide the issue or the case one way or the other. Nor can the court say that it would be reasonable to discern from these facts an "impression" of partiality.

2. Certainly, Steak & Ale has argued that if timely disclosure had been made, it would have *attempted* to have had the arbitrator removed. However, the likelihood of its success seems doubtful in view of the fact that after it did learn of the prior interaction be-

tween Federal Vending and the arbitrator, the American Arbitration Association rejected its bid to have the arbitrator removed. Thus, any prejudice suffered is too speculative in nature to require setting aside the arbitration decision.

In the case at bar, defendant has failed to meet its burden of establishing evident partiality. Accordingly, it is,

**ORDERED** and **ADJUDGED** that defendant's objections to the magistrate judge's report and recommendation are overruled. The report and recommendation is accepted and affirmed to the extent consistent with this opinion.

The arbitration award and award of attorneys' fees is **CONFIRMED.**

The clerk shall enter **FINAL JUDGMENT** against defendants, **CLOSE** the case and **DENY AS MOOT** any pending motions.