177 Cal.App.4th 166 (2009)
ROGER BURLAGE et al., Petitioners,
v.
THE SUPERIOR COURT OF VENTURA COUNTY, Respondent;
MARTHA MARTINEZ SPENCER, Real Party in Interest.
No. B211431.
Court of Appeals of California, Second District, Division Six.
August 31, 2009.
*167 Hoefflin & Associates, Richard M. Hoefflin, Jason M. Burrows; Lascher & Lascher and Wendy Cole Lascher for Petitioners.
No appearance for Respondent.
*168 Horvitz & Levy, Lisa Perrochet, John A. Taylor, Jr.; Lang, Hanigan & Carvalho, John D. Lang; Smith Law Firm and Craig R. Smith for Real Party in Interest.
Greines, Martin, Stein & Richland and Robert A. Olson for Association of Southern California Defense Counsel as Amicus Curiae on behalf of Real Party in Interest.

OPINION
GILBERT, P. J.
It is not often that a trial court vacates an arbitration award and an appellate court affirms the order. We shall explain why that happened here, but first:

Uncertainty and a Little History
We look to legal precedent in deciding cases. We believe the law is predictable and provides litigants and counsel a reasonable degree of certainty. True, but not always.
In 1991, we wrote what we thought was a routine arbitration opinion. (Moncharsh v. Heily & Blase (Apr. 2, 1991, B048936) [nonpub. opn.].) We relied on decades of precedent in our unpublished decision to affirm the arbitration award because no error appeared on the face of the award. In dicta, we noted that had the error appeared on the face of the award and created substantial prejudice, we would have reversed.
To our surprise, our Supreme Court granted review. Our holding was affirmed, but our dicta "reversed." (Moncharsh v. Heily & Blase (1992) 3 Cal.4th 1 [10 Cal.Rptr.2d 183, 832 P.2d 899].) Oh well, nobody's perfect. Moncharsh held that judicial review of an arbitrator's decision regarding questions of fact or law is extremely limited. Thus, even though an error of law appears on the face of an arbitration award and causes substantial injustice, it is not subject to judicial review in the absence of a limiting clause or as provided by statute. (Id. at p. 25.)
For the next decade, courts have wrestled with the question of when and under what circumstances judicial review of an arbitration award is proper. Cable Connection, Inc. v. DIRECTV, Inc. (2008) 44 Cal.4th 1334 [82 Cal.Rptr.3d 229, 190 P.3d 586] (Cable Connection) gives us some answers, *169 but unfortunately not the answer to the question here. Our conclusion that arbitrators have a great deal of power, but not absolute power, provides the key to our answer.
Petitioners Roger and Cheryl Burlage, trustees of the Burlage Family Trust, purchased a house from real party in interest Martha Martinez Spencer. The parties arbitrated a dispute over the sale of the house. The arbitrator awarded the Burlages approximately $1.5 million in damages and costs. On motion from Spencer, the trial court vacated the award. The Burlages filed a petition for writ of mandate, challenging the trial court's order.
We conclude the arbitrator excluded material evidence that substantially prejudiced Spencer pursuant to Code of Civil Procedure section 1286.2.[1] We deny the petition and affirm the trial court's order vacating the arbitration award.

Facts and Procedural History
The Burlages purchased a house from Spencer in a gated community next to a country club. After escrow closed, they learned, among other things, that the swimming pool and a wrought iron fence on the property encroached upon land owned by the country club. The Burlages claim Spencer knew of these encroachments at the time of sale, but "intentionally and fraudulently failed to disclose" this information to them.
The parties chose a retired judge associated with Judicial Arbitration and Mediation Services, Inc. (JAMS) to arbitrate their dispute and they agreed to be bound by the JAMS arbitration rules.
Two years after the purchase, but before the arbitration was held, the title company paid the country club $10,950 in exchange for a lot line adjustment that gave the Burlages title to the encroaching land. Nevertheless, the Burlages sought damages for the diminution in value of their property and for the cost of moving the pool and fence that were on the encroaching land they now owned.
The Burlages moved in limine to exclude evidence of the lot line adjustment. They argued that damages must be measured from the date escrow closed. Under this theory, Spencer could not introduce evidence of the lot line adjustment to show the Burlages were not damaged. Spencer argued that later circumstances can and should be considered in measuring damages.
*170 The arbitrator granted the motion and excluded evidence concerning the financial effect the lot line adjustment had on the Burlages' damages.
After 12 days of testimony, the arbitrator found Spencer knew the pool and fence encroached on the country club's land; she did not disclose this to the Burlages; and the encroachment materially affected the property's value. He awarded the Burlages $552,750 in compensatory damages, $250,000 in punitive damages, and $732,570 in attorney's fees and costs.
The Burlages moved to confirm the award. Thereafter, Spencer moved to vacate the award. Her motion rested upon section 1286.2, subdivision (a)(5), which requires vacation of an arbitration award when a party's rights are "substantially prejudiced" by the arbitrator's refusal to hear "evidence material to the controversy."
The trial court ruled that the arbitrator's refusal to admit evidence of the lot line adjustment substantially prejudiced Spencer's "ability to dispute the amount of damage suffered by" the Burlages. It vacated the arbitration award.
We issued an alternative writ of mandate. Better to have issued an order to show cause. But after further review of the record and consideration of the arguments in the briefs and at oral argument, two of us now conclude the trial court did not err in vacating the award.

Discussion
The Burlages contend that a private arbitration award may not be reviewed for errors in law. (Moncharsh v. Heily & Blase, supra, 3 Cal.4th at p. 33.) They argue the trial court therefore exceeded its authority when it vacated the award for what it believed to be the arbitrator's error in awarding damages.
(1) Judicial review of a contract arbitration award is extremely limited. (Moncharsh v. Heily & Blase, supra, 3 Cal.4th at pp. 10-11; see Cable Connection, supra, 44 Cal.4th at pp. 1354-1355.) The court may not review the merits of the underlying controversy or the arbitrator's reasoning, even when an error of law is apparent on the face of the award and causes substantial injustice. (Cable Connection, at p. 1334; Moncharsh, at pp. 11, 28.)
We review the trial court's order de novo but apply the substantial evidence standard to the extent the trial court's ruling rests upon a determination of disputed factual issues. (Malek v. Blue Cross of California (2004) 121 Cal.App.4th 44, 55-56 [16 Cal.Rptr.3d 687]; Reed v. Mutual Service Corp. (2003) 106 Cal.App.4th 1359, 1364-1365 [131 Cal.Rptr.2d 524].)
*171 A contractual arbitration agreement gives the arbitrator the power to decide all questions of contract interpretation, historical fact or general law necessary, in the arbitrator's view, to reach a decision. (Cable Connection, supra, 44 Cal.4th at p. 1360; Moncharsh v. Heily & Blase, supra, 3 Cal.4th at p. 28.) "Inherent in that power is the possibility the arbitrator may err in deciding some aspect of the case. Arbitrators do not ordinarily exceed their contractually created powers simply by reaching an erroneous conclusion on a contested issue of law or fact. . . ."'" and awards may not be vacated due to such error because "`"[t]he arbitrator's resolution of these issues is what the parties bargained for . . . ."'" (Gueyffier v. Ann Summers, Ltd. (2008) 43 Cal.4th 1179, 1184 [77 Cal.Rptr.3d 613, 184 P.3d 739]; see Cable Connection, at pp. 1360-1361.) "When parties opt for the forum of arbitration they agree to be bound by the decision of that forum knowing that arbitrators, like judges, are fallible." (That Way Production Co. v. Directors Guild of America, Inc. (1979) 96 Cal.App.3d 960, 965 [158 Cal.Rptr. 475].)
(2) But tolerance for fallibility has its limits. Section 1286.2, subdivision (a)(5) provides that a court "shall" vacate an award when a party's rights "were substantially prejudiced . . . by the refusal of the arbitrator[] to hear evidence material to the controversy . . . ." This section has been interpreted as "a safety valve in private arbitration that permits a court to intercede when an arbitrator has prevented a party from fairly presenting its case." (Hall v. Superior Court (1993) 18 Cal.App.4th 427, 439 [22 Cal.Rptr. 2d 376].)
This is what happened here. The arbitrator excluded evidence that the title company paid the cost of the lot line adjustment and purchase of the encroachment. The arbitrator did not state his reasons for the evidentiary ruling, but likely it stemmed from his earlier ruling that damages are fixed at the date escrow closed.
(3) The question whether the arbitrator was right or wrong about the proper date from which to measure damages arguably is not subject to judicial review. But it is self-evident that his ruling disallowing evidence that the title company solved the problem through a modest payment to the country club was more than a mere erroneous evidentiary ruling. The ruling substantially prejudiced Spencer and undermined the fundamental principle embodied in section 1286.2, subdivision (a)(5) that an arbitrator must consider material evidence.

Evidence of an Absolute DefenseThe Problem Is Fixed
What could be more material than evidence that the problem was "fixed" and there are no damages? Yet, the Burlages presented expert testimony about *172 the effect of what had become a nonexistent encroachment. Their experts testified about the cost to move a pool and fence, neither of which had to be moved. Spencer was not even permitted to refute the Burlages' expert who opined that the encroachment reduced the value of the property $100,000. Spencer could not show that the title company solved the encroachment issue through a payment of approximately one-tenth that amount.
Without this crucial evidence, the arbitration assumed the nature of a default hearing in which the Burlages were awarded $1.5 million in compensatory and punitive damages they may not have suffered. An arbitrator must consider this evidence to make an informed decision.
(4) We agree with the trial court's acknowledgment that not every evidentiary ruling by an arbitrator "can or should be reviewed by a court." We also agree with its comment, "[T]hat's not the same as saying no evidentiary ruling can or should be reviewed by a court. . . . [I]t would have the effect of . . . deleting subsection 5 from the statute [section 1286.2, subdivision (a)(5)]." This answers the dissent's concern that our opinion makes suspect every arbitration ruling disallowing evidence. In our view, should the award be affirmed, arbitration itself would be suspect.
Even the JAMS Comprehensive Arbitration Rules and Procedures (2005) rule 22(d) states that the arbitrator may exclude immaterial or unduly repetitive evidence, but must afford all parties "the opportunity to present material and relevant evidence." (See also Knight et al., Cal. Practice Guide: Alternative Dispute Resolution (The Rutter Group 2008) ¶ 5:391.1, p. 5-260 (rev. # 1, 2008).)
The parties to an arbitration have bargained for a final and binding decision. (Moncharsh v. Heily & Blase, supra, 3 Cal.4th at p. 10.) But without the opportunity to present material evidence, Spencer did not receive the benefit of that bargain.
We deny the petition for writ of mandate. We affirm the trial court's order vacating the arbitration award. Spencer shall recover costs.
Yegan, J., concurred.
PERREN, J., Dissenting.
I respectfully dissent.
As my colleagues aptly note, judicial review of a contract arbitration award is extremely limited and is not to be vacated based on the arbitrator's error of law in making it. "Further, the existence of an error of law apparent on the face of the award that causes substantial injustice does not provide grounds *173 for judicial review." (Moncharsh v. Heily & Blase (1992) 3 Cal.4th 1, 33 [10 Cal.Rptr.2d 183, 832 P.2d 899]; see Cable Connection, Inc. v. DIRECTV, Inc. (2008) 44 Cal.4th 1334, 1354-1355 [82 Cal.Rptr.3d 229, 190 P.3d 586].) Here, irrespective of what course this case may take and irrespective of whom shall prevail, a substantial injustice as well as an economic hardship is certain to ensue. This regrettable situation is a direct result of the arbitrator's ruling that Spencer would not be permitted to offer evidence of the postsale lot line adjustment because "the prevailing law does not support the Respondent's [Spencer's] Motion." The consequence of this ruling was the exclusion of evidence of mitigation of damages as irrelevant. Both the trial judge and my colleagues have characterized this as directly affecting Spencer's ability to dispute the amount of damage suffered by the Burlages resulting in "the refusal of the arbitrator[] to hear evidence material to the controversy." (Code Civ. Proc., § 1286.2, subd. (a)(5).)[1]
The arbitrator's ruling unquestionably precluded the admission of evidence of mitigation of damage. The exclusion, however, was the product of the arbitrator's determination that the law does not permit consideration of evidence of mitigation in a land fraud case following the close of escrow. Right or wrong, it was a legal ruling which, under both Moncharsh and Cable Connection, precludes judicial review. This is not a surprise. Virtually every ruling on a "legal issue" at trial results in limiting the admissibility of evidence. For example, the determination that a contract is an integrated agreement bars consideration of the terms of "any prior agreement." (§ 1856, subd. (a) [parol evidence].) If the arbitrator wrongly concludes that the agreement is integrated, admissible evidence is excluded. The determination that a statement to a physician, an attorney, a spouse or clergy, was made in confidence is privileged and bars admission of the statement. (Evid. Code, § 900 et seq.) An erroneous finding on the question of privilege would exclude admissible evidence. The determination that a mother was not present at the scene of an injury to her child precludes recovery of damages for the negligent infliction of emotional distress. An erroneous application of the law under Dillon v. Legg (1968) 68 Cal.2d 728 [69 Cal.Rptr. 72, 441 P.2d 912], bars recovery. Virtually every ruling sustaining a hearsay objection precludes evidence of what was said by the declarant. Erroneously concluding that a statement, no matter how crucial, is hearsay, results in evidence exclusion. The evidence does not come in. In each example the proponent's case is adversely affected. Section 1286.2 does not, in my opinion, afford relief.
The majority tells us that "whether the arbitrator was right or wrong about the proper date from which to measure damages arguably is not subject to judicial review." (Maj. opn. ante, at p. 171.) The majority is correct. In an *174 effort to evade this consequence, however, the majority recasts the evidentiary ruling as more than merely erroneous. Rather, citing section 1286.2, subdivision (a)(5), the majority declares that the ruling excluding evidence of the "modest payment to the country club" "substantially prejudiced Spencer and undermined the fundamental principle . . . that an arbitrator must consider material evidence." (Maj. opn. ante, at p. 171.) Thus, the award is subject to judicial review. This conclusion is in direct conflict with Hall v. Superior Court (1993) 18 Cal.App.4th 427, 439 [22 Cal.Rptr.2d 376]. In Hall, the trial court vacated an arbitration award under former subdivision (e) of section 1286.2 (now subd. (a)(5)), finding among other things that the party seeking vacation (Trompas) had been substantially prejudiced by the arbitrator's refusal to reopen the case to allow the presentation of additional evidence. The arbitrator denied the motion on the ground that the party's defense, even with the proffered evidence, lacked merit. The Court of Appeal reversed, reasoning as follows: "To vacate an award, section 1286.2, subdivision (e), requires that the trial court find that a party has been `substantially prejudiced by the refusal of the arbitrators to postpone the hearing upon sufficient cause being shown therefor or by the refusal of the arbitrators to hear evidence material to the controversy or by other conduct of the arbitrators contrary to the provisions of this title.' (Italics added.) Where, as here, a party complains of excluded material evidence, the reviewing court should generally focus first on prejudice, not materiality. To find substantial prejudice the court must accept, for purposes of analysis, the arbitrator's legal theory and conclude that the arbitrator might well have made a different award had the evidence been allowed." (18 Cal.App.4th at p. 439, italics added.) The court continued: "Applied in this manner, subdivision (e) of section 1286.2 does not cover the arbitrator's actions here. Trompas failed to show substantial prejudice. The arbitrator received an informal offer of proof, determined that even if presented the evidence would not persuade him against the Halls, and denied Trompas the opportunity to replace his offer of proof with actual testimony. The arbitrator did not prevent Trompas from fairly presenting his defense. Instead, the arbitrator concluded that Trompas's defense, even with the proffered evidence, lacked merit. The superior court erred in applying section 1286.2, subdivision (e), to vacate the arbitrator's award." (Id. at p. 439.)
The same result should follow here. Having heard repeated motions in limine specifying the evidence to be offered and showing the economic damage resulting from the sale both at the close of escrow and following the lot line adjustment, the arbitrator ruled the evidence was irrelevant. Based on this premise the arbitrator was arguably correct. But, correct or not, the arbitrator had ruled both at the time the motions in limine were made and in his "Amended Final Award," that damages would be computed at the time of *175 the close of escrow. This was his legal conclusion. As such it is not subject to judicial review. (Moncharsh v. Heily & Blase, supra, 3 Cal.4th at p. 33.)
Whether the arbitrator was right or wrong, affirming the order of the trial court cuts the heart out of Moncharsh. I suggest that great mischief can and will result from the majority's holding. In effect, every ruling resulting in witness preclusion attributable to a legal or evidentiary ruling will be rendered suspect and subject to challenge. The "`strong public policy in favor of arbitration as a speedy and relatively inexpensive means of dispute resolution'" achieved "`. . . without necessity for any contact with the courts,'" will be rendered illusory and chimerical. (Moncharsh v. Heily & Blase, supra, 3 Cal.4th at p. 9.)
I would grant the writ of mandate and direct confirmation of the award.
NOTES
[1] All statutory references are to the Code of Civil Procedure.
[1] All further statutory references are to the Code of Civil Procedure unless otherwise stated.