Filed 8/5/14  HP Production v. McDonald CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| HP PRODUCTION, INC., | B252175 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SS023595) |
| v. | |
| DEANNE McDONALD, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Allan J. Goodman, Judge.  Affirmed.

Lavely & Singer, Martin D. Singer and Allison S. Hart for Plaintiff and Respondent.

Deanne McDonald, in pro. per., for Defendant and Appellant.

_____

Defendant Deanne McDonald appeals from a judgment confirming an arbitration award. Finding no error, we affirm.

## BACKGROUND

The parties to this litigation are plaintiff and respondent HP Production, Inc. (HP), and defendant and appellant McDonald.[1] HP is owned by Adam Sandler, and is managed by his brother Scott Sandler, neither of whom is a party to this action. HP employs and pays the individuals who work for Adam Sandler.

In 2009, HP employed McDonald to work as a nanny for Adam Sandler's children. After her employment ended, she raised employment-related claims against HP that were resolved in 2010 pursuant to a confidential settlement agreement. Pursuant to the settlement agreement, HP paid $80,000, of which $48,000 was paid directly to McDonald and $32,000 was paid to her attorneys; in return, McDonald agreed not to disclose confidential information and not to disparage HP or the Sandlers.

The settlement agreement called for binding arbitration of any future disputes between McDonald and HP, including any claims arising from alleged unauthorized disclosure of confidential information, or the alleged breach, nonperformance, enforcement, interpretation or validity of the settlement agreement. The settlement agreement authorized the arbitrator to impose any and all legal or equitable remedies, including injunctive relief, damages, punitive damages, and specific performance. The settlement agreement specified that the arbitration was to be conducted by Judicial Arbitration and Mediation Services Endispute (JAMS), with all costs, fees, and expenses to be borne pursuant to JAMS rules, subject to reassessment in favor of the prevailing party.

---

[1] McDonald, who is in propria persona, designated a limited record on appeal. HP moved to augment the record to include the parties' arbitration agreement, the arbitrator's final award, HP's motion to confirm the arbitrator's award, McDonald's opposition to the petition, and HP's reply to the opposition. We granted the motion to augment, which McDonald did not oppose.

In 2013, McDonald purported to terminate and rescind the settlement agreement and threatened to sue HP and Scott Sandler. In response, HP filed a demand for arbitration with JAMS. After McDonald accused HP and Sandler of criminal activity, slavery, and legal malpractice, HP demanded that she cease disclosing confidential information and cease disparaging HP and the Sandlers. HP also cautioned her against filing a lawsuit in violation of the mandatory arbitration provision of the settlement agreement.[2]

The matter proceeded to arbitration before JAMS arbitrator Diane Wayne, a retired superior court judge. The arbitrator issued a final award in which she concluded that McDonald had breached the settlement agreement by repudiating it, disclosing confidential information, disparaging HP and its principals, and threatening to sue Scott Sandler. The final award: (1) ordered McDonald to return to HP the $48,000 that she had received pursuant to the 2010 settlement agreement; (2) permanently enjoined and restrained her from filing a lawsuit related to this case against HP and its principals, employees, agents, or representatives, including the Sandlers, and disclosing "confidential information" as that term is defined in the settlement agreement; and (3) directed that she pay HP its attorney fees and costs incurred in the arbitration in the amount of $33,265.50. That amount included the fees paid to JAMS by HP.

HP petitioned to confirm the arbitration award and enter judgment accordingly. It sought prejudgment interest, costs, and attorney fees, as well as the entry of a permanent injunction in accordance with the award. In opposition, McDonald sought to vacate the award on the grounds that HP had breached the settlement agreement, and that the agreement was unconscionable and not supported by adequate consideration. HP argued in reply that McDonald had failed to identify any ground to vacate the award under Code

---

[2] In her opening brief, McDonald attached a complaint that she said was filed in New Hampshire against Scott Sandler for alleged breach of the settlement agreement (the New Hampshire complaint). The record contains no information concerning the New Hampshire complaint, and we express no opinion regarding it.

3

of Civil Procedure section 1286.2.[3]  HP also argued that, pursuant to section 1293.2, it was entitled to its costs and attorney fees under the contract as the prevailing party in the arbitration.

No appearance was made by McDonald, who was self-represented.  The trial court granted the petition and entered judgment in favor of HP in accordance with the final award.  The judgment awarded HP $48,000, plus $33,265.50 in attorney fees incurred in the arbitration.  McDonald timely appealed from the judgment.

## DISCUSSION

McDonald contends the judgment confirming the arbitration award must be reversed, for six reasons.  First, the $33,265.50 attorney fee award was "exorbitant," "obscene," and entirely unsupported by any billing records in the trial court.  Second, HP and Adam Sandler breached the settlement agreement for the reasons stated in the New Hampshire complaint.  Third, the arbitration clause in the settlement agreement was unconscionable because it required her to pay fees that she cannot afford.  Fourth, in light of the disparity in the net worth of the parties, there was inadequate consideration for the settlement agreement.  Fifth, McDonald is entitled to rescind the settlement agreement because she signed it while under economic duress.  And sixth, the trial court had no authority to issue an injunction.

Under section 1286.2, the only grounds on which a court may vacate an arbitration award are the following:  (1) the award was procured by corruption, fraud or other undue means; (2) there was corruption by an arbitrator; (3) the rights of the party were substantially prejudiced by misconduct of a neutral arbitrator; (4) the arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted; (5) the rights of the party were substantially prejudiced by the refusal of the arbitrators to postpone the hearing upon sufficient cause being shown therefor or by the refusal of the arbitrators to hear evidence material to the

---

[3] All further statutory references are to the Code of Civil Procedure.

4

controversy or by other misconduct of the arbitrators; (6) an arbitrator making the award either failed to disclose within the required time for disclosure a ground for disqualification of which the arbitrator was then aware, or was subject to disqualification upon grounds specified in section 1281.91 but failed upon receipt of a timely demand to disqualify himself or herself as required by that provision.

McDonald's contentions—that the fee award was excessive and that HP had breached the settlement agreement, which was unconscionable, subject to rescission and not supported by adequate consideration—are not subject to judicial review. Because the trial court correctly refrained from reaching those issues, McDonald is precluded from raising them as grounds for reversal on appeal. "Judicial review of an arbitrator's award is very limited because of the strong public policy in favor of private arbitration. (*Board of Education v. Round Valley Teachers Assn.* (1996) 13 Cal.4th 269, 275; *Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 8–13 (*Moncharsh*).) As a general rule, the courts may not review an arbitrator's decision for errors of fact or law. (*Cable Connection, Inc. v. DIRECTV, Inc.* (2008) 44 Cal.4th 1334, 1361 . . . .) A contractual arbitration agreement gives the arbitrator the power to decide the historical facts, the relevant law and the interpretation and validity of the contract. (See *id.* at p. 1360 ; *Burlage v. Superior Court* (2009) 178 Cal.App.4th 524, 529 (*Burlage* ).) Inherent in this power is the possibility the arbitrator may make legal or factual errors. (*Burlage*, at p. 529.) An arbitration award ordinarily will not be vacated due to such error because the arbitrator's resolution of the issues is what the parties bargained for. (*Ibid.*)" (*Cotchett, Pitre & McCarthy v. Universal Paragon Corp.* (2010) 187 Cal.App.4th 1405, 1416.)

As to McDonald's final contention—that the arbitrator was not authorized to issue, and the trial court was not authorized to confirm, an injunction that prohibited her from suing HP—we conclude that such authorization was provided by the parties' agreement. According to the arbitration clause, the arbitrator was authorized to impose any and all legal or equitable remedies, including injunctive relief. An arbitrator's powers "'derive from, and are limited by, the agreement to arbitrate. (*Moncharsh*, *supra*, 3 Cal.4th at p. 8.) "Although . . . section 1286.2 permits the court to vacate an award that exceeds the

5

arbitrator's powers, the deference due an arbitrator's decision on the merits of the controversy requires a court to refrain from substituting its judgment for the arbitrator's in determining the contractual scope of those powers. [Citations.]" ([*Advanced Micro Devices, Inc. v. Intel Corp.* (1994)] 9 Cal.4th [362,] 372.)' (*Jordan* [*v. Department of Motor Vehicles* (2002)] 100 Cal.App.4th [431,] 444.)" (*Kelly Sutherlin McLeod Architecture*, *Inc. v. Schneickert* (2011) 194 Cal.App.4th 519, 528–529.) In this case, because the parties authorized the grant of injunctive relief, we conclude the arbitrator did not exceed her authority by granting, nor did the trial court exceed its authority by confirming, injunctive relief. (See *Advanced Micro Devices*, *Inc. v. Intel Corp.*, *supra*, 9 Cal.4th at pp. 390–391 [courts will not review the factual or legal correctness of the arbitrator's grant of injunctive relief in light of the inherently flexible nature of equitable remedies, the principle of arbitral finality, and the related principle that remedies available to a court are only the minimum available to an arbitrator unless restricted by agreement].)

### DISPOSITION

The judgment is affirmed. HP is awarded its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EPSTEIN, P. J.

We concur:

WILLHITE, J.                    EDMON, J.*

_____

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.