Filed 2/10/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| PLANTATIONS AT HAYWOOD 1, LLC et al. | |
| Plaintiffs, | G062909 |
| v. | (Super. Ct. No. 30-2017-00901157) |
| PLANTATIONS AT HAYWOOD, LLC, | O P I N I O N |
| Defendant and Respondent; | |
| KENNETH J. CATANZARITE, | |
| Objector and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Randall J. Sherman, Judge. Affirmed, motion for sanctions granted, and remanded with directions.

Catanzarite Law Corporation, Kenneth J. Catanzarite, and Tim James O'Keefe for Objector and Appellant.

Shumener, Odson & Oh, Henry H. Oh, and Edward O. Morales, for Defendant and Respondent.

*       *       *

This appeal arises out of proceedings to confirm an arbitration award. Kenneth J. Catanzarite, counsel for plaintiffs in this litigation, filed an opposition on their behalf to defendant Plantations of Haywood, LLC's (Plantations) petition to confirm the award, prompting Plantations to move for an award of monetary sanctions against him. The trial court confirmed the arbitration award and then granted Plantations's motion under Code of Civil Procedure section 128.7,[1] imposing $37,000 in sanctions against Catanzarite for filing and refusing to withdraw what the court concluded was a frivolous and factually unsupported opposition.

Catanzarite appeals the award, arguing he was statutorily allowed to file an opposition on behalf of his clients and that "[p]laintiff[s were] perfectly free to contest what the Arbitrator's Award did nor did not 'detail', and further to address evidence to which the Arbitrator did not consider or reflect in his Award." He contends "[p]laintiff[s were] allowed to contest those facts in order to avoid them being admitted, including for purposes of an appeal." We disagree. A party's abstract right to oppose a petition, or to preserve arguments for appeal, is not an entitlement to pursue frivolous arguments in the trial court or this court.

Nor are we persuaded by Catanzarite's contention that his reliance on a case he knew had been explicitly disapproved by our Supreme Court, on the very point he cites no less, demonstrates his argument was a

---

[1] All further statutory references are to this code.

reasonable one to make. We consequently find no abuse of discretion in the trial court's sanction award against Catanzarite.

Plantations's response to Catanzarite's opening brief on appeal included a motion for sanctions which we also conclude is meritorious. Catanzarite filed an opening brief in this court which repeats the arguments he made below—including his refusal to acknowledge the binding Supreme Court authority that fatally undermines his claim, and his opposition to the sanctions motion is more of the same.

Plantations's sanctions motion was supported by a declaration setting forth the basis of the amount of sanctions requested, which Catanzarite does not contest. Nonetheless, because Plantations's supporting evidence is conclusory, we remand the case to the trial court with directions to set a hearing on the matter if requested by either of the parties, and to determine the appropriate amount.

## FACTS

The parties in this case were engaged in a real estate dispute, with plaintiffs,[2] represented by Catanzarite, alleging they were defrauded into exchanging their interests in an apartment complex for interests in a limited liability company. The dispute was ordered into arbitration at the request of plaintiffs, and the arbitrator ruled in favor of Plantations.

In February 2023, Plantations petitioned the court to confirm the arbitration award pursuant to section 1285.

Catanzarite filed an "Omnibus Response" (response) addressing both Plantations's petition and a petition to confirm the same arbitration

---

[2]  Plaintiffs are not parties to this appeal.

3

award in favor of separate parties. The response summarized the arbitrator's decision and asserted the arbitrator "exceeded his power in refusing to hear undisputed evidence, and . . . he abused his discretion in finding in favor of [Plantations]." Catanzarite asserted the award must be vacated pursuant to section 1286.2, subdivisions (a)(4) (arbitrator exceeded his powers) and (a)(5) (arbitrator refused to "hear" material evidence).

Catanzarite's supporting declaration stated, "[a]lthough the Arbitrator ostensibly admitted all or nearly all exhibits 'into evidence', this was done only as a pretext to allow the Arbitrator to willfully refuse to hear dispositive evidence . . . . All exhibits attached hereto were exhibits ostensibly 'admitted' in the Arbitration." Catanzarite cited no evidence in his briefing or at oral argument to support his claim, i.e., no admissions, statements, or rulings by the arbitrator that suggested any refusal on the arbitrator's part to consider the evidence offered by plaintiffs.

Instead, Catanzarite's argument was that because his documents had "plainly show[ed]" facts that were inconsistent with the arbitrator's award, the arbitrator must have ignored plaintiffs' documents. In other words, since Catanzarite disagreed with the award, the arbitrator must have willfully ignored his clients' evidence.

Catanzarite then sought an order vacating the arbitration award, arguing that such relief was supported by section 1286.2, subdivision (a)(4), because the arbitrator "exceeds his authority by denying a litigant a fair hearing" and by section 1286.2, subdivision (a)(5), because his clients "'were substantially prejudiced . . . by the refusal of the arbitrator [] to hear evidence material to the controversy . . . .'"

Plantations responded by filing a motion for sanctions against Catanzarite under section 128.7. Plantations's motion cited four bases for the

4

imposition of sanctions: (1) "Catanzarite requested that the Court vacate the Award by attacking the Arbitrator's legal and factual conclusions despite well-established law holding that such attacks are not grounds to vacate an arbitration award . . ."; (2) "Catanzarite's contention that the Arbitrator refused to hear evidence violates Code of Civil Procedure [section] 128.7[, subdivision] (b)(2) and (3)"; (3) "Catanzarite's contention that the Arbitrator admitted evidence 'only as a pretext' violates Code of Civil Procedure [section] 128.7[, subdivision] (b)(2) and (3)"; and (4) "The Plaintiffs' Response and Catanzarite's declaration demonstrate that the legal and factual contentions and arguments therein are being presented to the Court primarily for an improper purpose such as to harass or cause unnecessary delay or needless increase in the cost of litigation."

Plantations pointed out that Catanzarite did not submit any evidence to support his claim "that the arbitrator refused to hear any evidence." Instead, Plantations noted that Catanzarite conceded "that the arbitrator admitted 'all or nearly all' of Plaintiffs' documents and testimony into evidence," and relied on *Gonzales v. Interinsurance Exchange* (1978) 84 Cal.App.3d 58, 63 (*Gonzales*), for the proposition that "[l]egally speaking, the **admission of evidence is to hear it**"—thus establishing that Catanzarite's own concession had fatally undermined his claim. Plantations also argues Catanzarite did not offer any evidence to support his claim that the arbitrator's admission of the evidence was a mere "pretext" to allow the arbitrator to disguise his willful refusal to hear dispositive evidence, or that the arbitrator had otherwise exceeded his powers.

Plantations argued that "any reasonable attorney would find that the legal and factual contentions in the Response and Catanzarite declaration are frivolous. This is because Plaintiffs' Response and request to

5

vacate the Award is nothing more than a thinly veiled attempt to attack and have the Court reconsider the merits of [the] Arbitrator's legal and factual conclusions drawn from the evidence, which are not subject to review and are not grounds to vacate an arbitrator's award."

Catanzarite opposed the motion for sanctions, arguing that "the act of filing a response to [Plantations's] own petition to confirm" could not be sanctionable because "[p]laintiffs were statutorily allowed a response and had ten days to do it" and "[t]he failure to respond results in admitting the allegations of the petition." Catanzarite suggested his good faith was demonstrated by the fact plaintiffs "truthfully stated that the Arbitrator had admitted documents into evidence" before claiming the arbitrator had done so "only as a perfunctory act."

Catanzarite also argued his contentions in the response were "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." (§ 128.7, subd. (b)(2).) He expressed disagreement with *Gonzales*, arguing the law should distinguish between the "hearing" of evidence and the act of merely admitting it because if the court does not *consider* the evidence, it has not meaningfully "heard" it. Catanzarite noted that under the reasoning of *Gonzales*, the arbitrator could admit evidence in a perfunctory manner and thereafter be "free of any obligation to even review that admitted evidence or truly 'hear' or consider the evidence." He cited *Burlage v. Superior Court* (2009) 178 Cal.App.4th 524, 530 (*Burlage*), which he acknowledged had been "disapproved of by *Heimlich v. Shivji* (2019) 7 Cal.5th 350," as a case that vacated an arbitration award based on the arbitrator's failure to "consider" evidence.

The trial court granted Plantations's petition to confirm the arbitration award and in doing so explained the flaws in Catanzarite's response. "Plaintiffs first seek to vacate the arbitration award pursuant to [Code of Civil Procedure section] 1286.2[, subdivision] (a)(4) on the ground that the arbitrator exceeded his powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted. [But] they fail to provide any evidence or argument as to how the arbitrator allegedly exceeded his powers." The court quoted *Advanced Micro Devices, Inc. v. Intel Corp.* (1994) 9 Cal.4th 362, 366 for the proposition that "arbitrators do not exceed their powers merely by erroneously deciding a contested issue of law or fact."

The court then turned to Catanzarite's assertion that his clients' rights were "substantially prejudiced by the arbitrator's alleged refusal to hear evidence material to the controversy." The court noted that because plaintiffs concede the arbitrator admitted all of the evidence identified in their opposition, they "in essence argue that the arbitrator failed to give that evidence due consideration." The court rejected the argument based on *Gonzales* because an assertion that the arbitrator failed to properly evaluate the evidence "is not a valid ground for vacating an arbitration award."

The trial court also granted Plantations's motion for sanctions finding that "plaintiffs' omnibus opposition to defendants' Petitions to Confirm the Arbitration Award was without merit under well-established law, was not supported by existing law, or any nonfrivolous extension of existing law, and was not supported by evidence. Thus, the statutory criteria have been established."

The court then explained why the fees incurred by Plantations were recoverable under section 128.7: "By the time [Plantations] served its

7

motion for sanctions on March 30, 2023, [it] already had incurred the costs of replying on March 23, 2023 to plaintiffs' frivolous opposition. The only costs and fees defendants incurred after [Plantations] served its motion for sanctions, and provided plaintiffs with their 21-day safe harbor, were for preparing for and attending the hearing. However, by failing to withdraw their opposition to the motion to confirm the arbitration award, plaintiffs opened the door to the imposition of sanctions in the amount of 'all of the reasonable attorney's fees and other expenses incurred as a direct result of the violation', which were the costs of replying to plaintiffs' frivolous opposition. Thus, this court imposes sanctions in the amount of $37,000."

Plaintiffs did not appeal from the order confirming the arbitration award; Catanzarite only appeals from the order imposing monetary sanctions against him.

As part of its response to that appeal, Plantations moved for monetary sanctions on the ground the appeal was frivolous. We issued an order informing the parties we were considering the imposition of sanctions and invited Catanzarite to file an opposition to Plantations's motion.

DISCUSSION

I.

GROUNDS FOR VACATING AN ARBITRATION AWARD

When the parties have agreed to resolve their dispute by arbitration, the court is required to "confirm the award as made . . . unless in accordance with this chapter it corrects the award and confirms it as corrected, vacates the award or dismisses the proceeding." (§ 1286.)

Section 1286.2, subdivision (a), authorizes a court to vacate an arbitration award only under limited circumstances, including: "(1) The award was procured by corruption, fraud or other undue means. [¶] (2) There

8

was corruption in any of the arbitrators. [¶] (3) The rights of the party were substantially prejudiced by misconduct of a neutral arbitrator. [¶] (4) The arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted. [¶] (5) The rights of the party were substantially prejudiced by the refusal of the arbitrators to postpone the hearing upon sufficient cause being shown therefor or by the refusal of the arbitrators to hear evidence material to the controversy or by other conduct of the arbitrators contrary to the provisions of this title. [¶] [and] (6) An arbitrator making the award either: (A) failed to disclose within the time required for disclosure a ground for disqualification of which the arbitrator was then aware; or (B) was subject to disqualification upon grounds specified in Section 1281.91 but failed upon receipt of timely demand to disqualify himself or herself as required by that provision . . . ." (§ 1286.2, subd. (a)(1)-(6).)

The rule that courts do not review the merits of an arbitration award is as well-established a principle of law as we have in California. *Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 27-28 (*Moncharsh*) was decided 33 years ago, and even then, our Supreme Court deemed it "well settled" that an arbitrator's error in the substance of an award—even when the error was patent—did not provide grounds to overturn the order in court. (*Id.* at p. 28.) As the court explained, "[b]ecause the decision to arbitrate grievances evinces the parties' intent to bypass the judicial system and thus avoid potential delays at the trial and appellate levels, arbitral finality is a core component of the parties' agreement to submit to arbitration." (*Id.* at p. 10.)

Moreover, "'unless specifically required to act in conformity with rules of law, [arbitrators] may base their decision upon broad principles of

justice and equity, and in doing so may expressly or impliedly reject a claim that a party might successfully have asserted in a judicial action.'" (*Moncharsh, supra*, 3 Cal.4th at pp. 10-11, quoting *Sapp v. Barenfeld* (1949) 34 Cal.2d 515, 523.) Consequently, "both because it vindicates the intentions of the parties that the award be final, and because an arbitrator is not ordinarily constrained to decide according to the rule of law, it is the general rule that, 'The merits of the controversy between the parties are not subject to judicial review.'" (*Moncharsh, supra*, at p. 11)

Applying those fundamental principles, the court in *Moncharsh* concluded that "judicial review of private arbitration awards [is limited] to those cases in which there exists a statutory ground to vacate or correct the award. Those decisions permitting review of an award where an error of law appears on the face of the award causing substantial injustice have perpetuated a point of view that is inconsistent with the modern view of private arbitration and are therefore disapproved." (*Moncharsh, supra*, 3 Cal.4th at p. 28.)

The court held that an arbitrator's error of fact or law in deciding the issue submitted did not qualify as an act in excess of the arbitrator's powers under section 1286.2. The court reasoned, "[a] contrary holding would permit the exception to swallow the rule of limited judicial review; a litigant could always contend the arbitrator erred and thus exceeded his powers." (*Ibid*.) And as the trial court here recognized, the Supreme Court reiterated its *Moncharsh* holding in *Advanced Micro Devices, Inc. v. Intel Corp.* (1994) 9 Cal.4th 362, 366: "[A]rbitrators do not exceed their powers merely by erroneously deciding a contested issue of law or fact."

Then in *Heimlich v. Shivji, supra*, 7 Cal.5th 350 (*Heimlich*), the Supreme Court held that "vacation of an award for 'refusal . . . to hear

10

evidence material to the controversy'" cannot be grounded on a claim the court erred in the merits of its decision because "'if not properly limited, [section 1286.2, subdivision (a)(5),] could swallow the rule that arbitration awards are generally not reviewable on the merits.'" (*Heimlich,* at p. 368.)

The Supreme Court identified *Royal Alliance Associates, Inc. v. Liebhaber* (2016) 2 Cal.App.5th 1092, 1108 (*Royal Alliance*) as "the paradigmatic example of when a refusal to hear evidence will justify vacation of an award." (*Heimlich, supra*, 7 Cal.5th at p. 369.) The *Royal Alliance* arbitration panel allowed a securities broker to "speak, unsworn and at length," but "denied the former client the opportunity to cross-examine the broker or to speak herself" because the panel apparently "felt itself too busy to allow each side the opportunity to present evidence." (*Heimlich,* at p. 369; see *Royal Alliance* at pp. 1097-1100.) The panel then issued a decision that "relied on the former client's failure to dispute the broker's account or to offer evidence of financial losses." (*Heimlich,* at p. 369; see *Royal Alliance* at p. 1099.) In vacating the decision, the appellate court in *Royal Alliance* concluded the arbitration panel's refusal to hear from the former client "'was not fair.'" (*Royal Alliance*, at p. 1110; see *Heimlich* at p. 369.)

Significantly, the Supreme Court in *Heimlich* contrasted the situation in *Royal Alliance*, with the situation where arbitrators "refuse to consider evidence they find legally irrelevant, even if the irrelevance determination rests upon an incorrect legal foundation." (*Heimlich, supra*, at p. 369.) In that situation, "[n]either that determination nor the resulting refusal to consider evidence" is grounds to vacate the award. (*Ibid*.)

11

## II.

### PROPRIETY OF SANCTIONS ORDER

In moving to vacate the award in this case, Catanzarite relied on subdivision (a)(4) and (5) of section 1286.2, as he argued that the arbitrator exceeded his powers by refusing to properly consider the evidence Catanzarite submitted on behalf of his clients. Catanzarite sought to prove his contention by providing the trial court with selected documents he acknowledged had been admitted into evidence during the arbitration, and then arguing that because the arbitrator's award was (in his view) inconsistent with the content of those documents, it proved the arbitrator must have improperly refused to "hear" (i.e., consider) them.

We disagree with Catanzarite's argument. The assertion that the arbitrator exceeded his powers under 1286.2, subdivision (a)(4), because he erred in evaluating the evidence is directly contrary to *Moncharsh*—a case Catanzarite ignores other than to claim it allows for judicial review of arbitration awards. That is, at best, an inaccurate interpretation of *Moncharsh*.

Catanzarite's reliance on subdivision (a)(5) of section 1286.2 fares no better. The assertion that the arbitrator failed to "hear" the evidence he admitted is directly contradicted by *Gonzales*, a case Catanzarite failed to cite or acknowledge in his briefing. And while that initial omission might have been an oversight, Catanzarite did not back down when *Gonzales* was cited by Plantations. Instead, he relied upon *Burlage*, which had been disapproved by the Supreme Court in *Heimlich*, to support his contention that "hearing" evidence must include considering it. If anything, the citation proved his bad faith.

12

First, *Burlage* itself does not support Catanzarite's effort to undermine *Gonzales*. The *Burlage* majority explicitly agrees with the very point *Gonzales* was cited for in this case—and even characterizes it as "discerning"[3]—while flatly rejecting the argument Catanzarite actually made, i.e., that "to avoid the imposition of section 1286.2, arbitrators will simply admit evidence to insulate their decisions from review." (*Burlage, supra*, 178 Cal.App.4th at p. 531.) The *Burlage* majority dismisses that as a "cynical view." (*Ibid.*)

And second, Catanzarite knew the Supreme Court had explicitly disapproved *Burlage* in *Heimlich*. Thus, he was also aware of *Heimlich*, yet he made no effort to address it or distinguish it in his briefing.

Without overtly arguing the position he took below was correct, Catanzarite contends in his briefing and during oral argument the trial court erred by imposing sanctions against him. First, he suggests his sanctionable argument reflected only a portion of his response to the petition to confirm the arbitration award, and it was therefore inappropriate to sanction him for the document as a whole. Again, we disagree. Catanzarite's response contained three arguments that were grounded on his claim that the arbitrator had improperly refused to consider the evidence he submitted on behalf of his clients.

---

[3] In *Burlage*, the majority vacated the arbitration award based on a finding that the arbitrator had improperly "excluded evidence," rather than because he refused to consider evidence he had admitted. (*Burlage, supra*, 178 Cal.App.4th at p. 529.) *Burlage* was disapproved in *Heimlich* because the majority's ruling had improperly delved into the merits of the arbitrator's decision in deciding his exclusion of evidence violated section 1286.2. (*Heimlich, supra*, 7 Cal.5th at p. 370.)

13

Catanzarite also repeats here his contention below that he was statutorily entitled to file a response to Plantations's petition to confirm the arbitration, and to contest the facts claimed in the petition, and thus he could not be sanctioned for doing so. But the right to file a document should not be confused with an obligation to do so. Catanzarite is not faced here with sanctions because he filed a response; it was the substance of the response that is the problem. And while it is true that the failure to file a response may certainly be treated as an admission for purposes of appeal, that is not a significant loss if the only argument to be made in opposition is one no reasonable attorney would make.[4]

Catanzarite further contends, "[t]he trial court was simply wrong to sanction counsel [just] because the trial court believed [his] cited authorities were unpersuasive next to other authorities." That mischaracterizes what happened below. As we have already explained, the weight of Catanzarite's "authority" was not merely "unpersuasive."[5]

_____

[4] Nor are we persuaded by Catanzarite's focus on the size of the award made against his clients as a justification for his response. While the award of attorney fees and costs against Catanzarite's clients was substantial (over $1.8 million), that does not affect the determination of whether a "zealous[] argu[ment]" in opposition to the award is frivolous.

[5] At another point in his opening brief, Catanzarite characterizes his performance below as having "cited a case in support, that was disapproved of by another case." That would be an accurate description of Catanzarite's argument only in a world in which we do not distinguish between the decisions of our Supreme Court and our courts of appeal. (See *Auto Equity Sales, Inc., v. Superior Court* (1962) 57 Cal.2d 450, 455 ["Courts exercising inferior jurisdiction must accept the law declared by courts of superior jurisdiction. It is not their function to attempt to overrule decisions of a higher court"].)

14

Catanzarite also asserts that contrary to the trial court's finding, his opposition was supported by substantial evidence. We disagree. Catanzarite's argument was that "[a]lthough the Arbitrator ostensibly admitted all or nearly all exhibits 'into evidence', this was done only as a pretext to allow the Arbitrator to willfully refuse to hear dispositive evidence . . . ."

As discussed above, Catanzarite offered no evidence to support this assertion of overt arbitrator misconduct. His evidence demonstrated only that he had submitted documents to the arbitrator which, when viewed in the abstract and most favorably to his clients, were arguably inconsistent with some aspects of the arbitrator's award. As Catanzarite's own proffered authority states, even if such inconsistency were sufficient to suggest arbitrator error, it would not be sufficient to demonstrate intentional misconduct. (See *Burlage, supra*, 178 Cal.App.4th at p. 531.) Because Catanzarite failed to offer any affirmative evidence in support of his contention that the arbitrator admitted his evidence as a pretext for refusing to consider it, we find no error in the trial court's determination that Catanzarite failed to produce sufficient evidence to support a finding in his favor.

Finally, Catanzarite argues the trial court's award of sanctions was erroneous because, although the court expressly found that his argument was "without merit under well-established law, [and] was not supported by existing law, or any nonfrivolous extension of existing law,"  its ruling did not fully mirror the language of section 128.7, which allows a litigant to make arguments that "are warranted by existing law or by a nonfrivolous argument for the extension, *modification, or reversal* of existing law *or the establishment of new law*." (*Id.*, subd. (b)(2), italics added.)

15

We are not persuaded. Catanzarite cites no authority to support this argument. Instead, he relies on the statute's requirement that "[w]hen imposing sanctions, the court shall describe the conduct determined to constitute a violation of this section and explain the basis for the sanction imposed." (§ 128.7, subd.(e).) The court did that here.

Based on all of the foregoing, we find no error in the trial court's imposition of monetary sanctions against Catanzarite under section 128.7.

### III.

### SANCTIONS ON APPEAL

Catanzarite's appellate briefing largely repeats the arguments found sanctionable by the trial court, i.e., that he had a "right" to file his opposition to the petition seeking confirmation of the arbitration award, that he did not mislead the trial court about what occurred during the arbitration, and that *Burlage* demonstrated a reasonable difference of opinion about whether an arbitrator's refusal to "consider" the evidence before him is grounds for vacating the award. It is therefore hardly surprising that Plantations has moved for an additional award of sanctions on appeal. We grant Plantations's motion.

California Rules of Court, rule 8.276(a), states that "[o]n motion of a party or its own motion, a Court of Appeal may impose sanctions . . . on a party or an attorney for: [¶] (1) Taking a frivolous appeal or appealing solely to cause delay." (See also § 907.)

As explained in *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, "[a]n appeal taken for an improper motive represents a time-consuming and disruptive use of the judicial process. Similarly, an appeal taken despite the fact that no reasonable attorney could have thought it meritorious ties up judicial resources and diverts attention from the already burdensome volume

16

of work at the appellate courts. Thus, an appeal should be held to be frivolous only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit." (*Id.* at p. 650.)

We find that this appeal lacks any semblance of merit. Catanzarite's opposition to the sanctions motion simply repeats the assertions he made in the court below and in his opening brief on appeal. Catanzarite's dogged insistence that he had a "right" to file an opposition to Plantations's petition to confirm the arbitration award—combined with his refusal to grapple with contrary Supreme Court authority—did not become more persuasive through repetition. The result is an appeal that any reasonable attorney would agree is completely without merit. Sanctions are therefore appropriate.

Plantations has requested an award of $43,835 in sanctions. Although Catanzarite has not contested this amount, we remand this case to the trial court with directions to conduct a hearing to allow the parties to develop a more detailed evidentiary record to establish the proper amount. In lieu of such a hearing, Catanzarite shall have the right to promptly stipulate to the amount already requested.

## DISPOSITION

The order is affirmed. Plantations's motion for monetary sanctions on appeal is granted. We remand the case to the trial court with directions to conduct a hearing to determine the appropriate amount of sanctions to be awarded. If Catanzarite elects to stipulate to the amount of sanctions requested by Plantations in its motion, he shall notify Plantations

17

in writing of that stipulation no later than 10 court days following issuance of the remittitur. Plantations is entitled to its costs on appeal.


GOETHALS, ACTING P. J.

WE CONCUR:


SANCHEZ, J.


DELANEY, J.