Filed 2/1/22  Marriage of Baraona CA5

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of LETTICIA AND ALEXANDER BARAONA. | |
| LETTICIA BARAONA,<br><br>Appellant,<br><br>v.<br><br>ALEXANDER BARAONA,<br><br>Respondent. | F081840<br><br>(Super. Ct. No. VFL279290)<br><br>**OPINION** |

## <u>THE COURT</u>[*]

APPEAL from an order of the Superior Court of Tulare County.  Kerri M. Lopez, Judge.

Hagopian & Daugherty and Curtis W. Daugherty for Appellant.

McCormick, Barstow, Sheppard, Wayte & Carruth and Todd W. Baxter for Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P. J., Poochigian, J. and Peña, J.

Letticia Baraona appeals the denial of her request for a restraining order under California's Domestic Violence Prevention Act (DVPA; Fam. Code, §§ 6200–6460).[1] The request was made to the superior court handling the dissolution of her marriage to Alexander Baraona. The court heard the parties' testimony and argument and denied the request. The court stated it "does not feel there's sufficient evidence for a domestic violence restraining order in this matter."

Letticia contends the superior court committed legal error by focusing on physical abuse and by failing to consider the nonphysical aspects of domestic violence as provided for in section 6320 and section 6203, subdivisions (a)(4) and (b). Under section 6320, a court may enjoin a party from harassing or "disturbing the peace of the other party." As explained below, it is difficult for an appellant to establish by inference that a court *failed to consider* a particular point or applied an incorrect legal standard. Here, Letticia has not overcome that difficulty and affirmatively demonstrated the court did not consider nonphysical types of abuse or otherwise misinterpreted the DVPA. Accordingly, she has not demonstrated reversible error.

We therefore affirm the order denying the request for a restraining order.

## FACTS

Letticia and Alexander were married in September 2017. Letticia had a son and a daughter from a previous relationship. In July 2018, Alexander moved to Visalia to start his new job as a sergeant at Corcoran State Prison. Previously, he had worked as a correctional officer at San Quentin State Prison. In August 2018, Letticia and her children arrived in Visalia. In June 2019, Letticia and Alexander separated. In July 2019, Alexander filed a petition for dissolution of marriage.

The evidence relating to the grounds on which Letticia based her request for a domestic violence restraining order (DVRO) is not described in detail in this opinion

---

[1] Undesignated statutory references are to the Family Code.

because Letticia's primary claim of reversible error relates to the superior court's misinterpretation of the DVPA and its failure to consider nonphysical types of abuse. Our analysis of this claim of legal error in the court's thought process does not require an extensive review of the evidence because we do not reach the question of prejudice—that is, whether there was a reasonable probability of a more favorable outcome in the absence of the claimed error. (See Cal. Const., art. VI, § 13; Code Civ. Proc., § 475.)

## PROCEEDINGS

In October 2019, Letticia filed an application for a DVRO in a marriage dissolution proceeding pending in the Tulare County Superior Court. The next day, the superior court issued a temporary restraining order. After continuances and the filing of Alexander's response, the superior court held a hearing on August 13, 2020. Both parties appeared and were represented by counsel.

At the hearing, the superior court received testimony and exhibits and heard counsels' arguments. In his closing remarks, counsel for Letticia stated that the irreconcilable differences that caused the breakdown of the marriage were not the basis for Letticia's request for a DVRO. Counsel asserted that the request was based on Alexander's psychological state. Counsel characterized Alexander's testimony as admitting to (1) drinking to control his emotions, (2) being out of control of his emotions, (3) causing property damage, and (4) telling wildly inappropriate stories to her son. Counsel argued the evidence of a psychological break caused Letticia "reasonable apprehension that the next step in his inability to control his behavior was going to be to harm her or her children." Counsel asserted Letticia was fearful that Alexander would commit suicide and take them down too.

After hearing arguments, the court took a short recess before orally presenting its ruling from the bench. The court's statements about the applicable burden of proof, its summary of the evidence presented, and its evaluation of the evidence are described in part II.A of this opinion. After setting forth its view of the evidence, the court stated it

3.

did "not feel there's sufficient evidence for a domestic violence restraining order in this matter. And based on that, the temporary restraining order will expire today." An unsigned minute order was filed and stated the court denied the request for a DVRO due to insufficient evidence. In October 2020, Letticia filed a timely appeal.

In May 2021, Letticia filed her appellant's opening brief, which contended the applicable standard of review was abuse of discretion. On June 1, 2021, this court issued an order referring to the superior court's statement "that it did 'not feel there's sufficient evidence for a domestic violence restraining order in this matter.' " The order asked that the parties' subsequent briefing address whether the superior court's statement was a failure of proof determination and, if so, whether the finding-compelled-as-a-matter-of-law standard of appellate review applied. (See *Dreyer's Grand Ice Cream, Inc. v. County of Kern* (2013) 218 Cal.App.4th 828, 838.) The order also noted the abuse of discretion standard is not a unified standard (*Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711 (*Haraguchi*)) and directed the respondent's brief and appellant's reply brief to address the specific standard applicable to Letticia's contention that the superior court misinterpreted section 6320.

In September 2021, Alexander filed a respondent's brief that complied with the briefing instructions in our order. Later that month, counsel for Letticia informed the court that he would not be filing an appellant's reply brief.[2] Alexander's counsel

---

[2]     California Rules of Court, rule 8.220 addresses the failure to file an appellant's opening brief or a respondent's brief and the consequences that may follow. The rule does not mention an appellant's reply brief. The California Appellate Courts Self-Help Resource Center poses the question whether an appellant's reply brief is required and answers: "No. The appellant can choose to file a reply brief but it is not required." (https://selfhelp.appellate.courts.ca.gov/appeals-timeline/reply-brief/ [as of Jan. 31, 2022].) Consequently, we conclude that the failure to file an appellant's reply brief is not an admission or concession that the appeal lacks merit. (See *Ellerbee v. County of Los Angeles* (2010) 187 Cal.App.4th 1206, 1218, fn. 4 [failing to file a reply brief is not an admission].) Case law stating the failure to file an appellant's reply brief "concedes that

4.

requested oral argument after Leticia's counsel conditionally waived oral argument. As a result, oral argument was held and Leticia's counsel was able to address the standard of review issues raised in our briefing order.

## DISCUSSION

I. GENERAL LEGAL PRINCIPLES

A. <u>Overview of the Statute</u>

"The purpose of [the DVPA] is to prevent acts of domestic violence, abuse, and sexual abuse and to provide for a separation of the persons involved in the domestic violence for a period sufficient to enable these persons to seek a resolution of the causes of the violence." (§ 6220.)[3] "Domestic violence" is defined as "abuse" perpetrated against a person in one of the relationships covered by the statute. (§ 6211.) The required domestic relationship existed between Letticia and Alexander because they were married. (§ 6211, subd. (a) [spouse or former spouse].)

As defined by the DVPA, "abuse" occurs if the perpetrator "intentionally or recklessly cause[s] or attempt[s] to cause bodily injury"; "place[s] a person in reasonable apprehension of imminent serious bodily injury to that person or to another"; or "engage[s] in any behavior that has been or could be enjoined pursuant to Section 6320." (§ 6203, subd. (a).) "Abuse is not limited to the actual infliction of physical injury or assault." (§ 6203, subd. (b).)

The DVPA authorizes superior courts to issue orders "enjoining a party from molesting, attacking, striking, stalking, threatening, sexually assaulting, battering, …

---

respondent's position is unassailable" predates the adoption of the California Rules of Court. (See *Johnson v. English* (1931) 113 Cal.App. 676, 677.

[3]      Prior to its amendment in 2014, this provision stated the statutory "purposes of [the DVPA] are to prevent *the recurrence of* acts of *violence* and sexual abuse and to provide for a separation of the persons involved …." (Stats. 1993, ch. 219, § 154 [former § 6220], italics added.) The amendment deleted the phrase "the recurrence of" and replaced "violence" with "domestic violence, abuse." (Stats. 2014, ch. 635, § 3.)

harassing, telephoning, … destroying personal property, contacting, either directly or indirectly, by mail or otherwise, coming within a specified distance of, or disturbing the peace of the other party ….” (§§ 6320 [ex parte], 6340 [order after notice and hearing].) The statute's reference to “disturbing the peace of the other party” has been interpreted to mean “conduct that destroys the mental or emotional calm of the other party.” (*In re Marriage of Nadkarni* (2009) 173 Cal.App.4th 1483, 1497.)[4] “Annoying and harassing an individual is protected in the same way as physical abuse.” (*Perez v. Torres-Hernandez* (2016) 1 Cal.App.5th 389, 398.)

The DVPA also contains provisions addressing the scope of the evidence properly considered by a court when evaluating a request for a DVRO. Section 6300, subdivision (a) provides that a DVRO “may be issued … if an affidavit or testimony and any additional information provided to the court pursuant to Section 6306, shows, to the satisfaction of the court, reasonable proof of a past act or acts of abuse. The court may issue [a DVRO] based solely on the affidavit or testimony of the person requesting the restraining order.” Section 6300 has been interpreted to permit the issuance of a DVRO “ ‘simply on the basis of an affidavit showing past abuse’ ” without a showing of a threat of future harm. (*Gdowski v. Gdowski* (2009) 175 Cal.App.4th 128, 137.) In addition, section 6301, subdivision (c) states: “The length of time since the most recent act of abuse is not, by itself, determinative. The court *shall consider* the totality of the circumstances in determining whether to grant or deny a petition for relief.” (Italics added.) When used in the Family Code, “shall” is mandatory. (§ 12.)

---

[4]    In 2020, the Legislature incorporated this definition into the DVPA. Section 6320, subdivision (c) now provides that “ ‘disturbing the peace of the other party’ refers to conduct that, based on the totality of the circumstances, destroys the mental or emotional calm of the other party. This conduct may be committed directly or indirectly, including through the use of a third party, and by any method or through any means ….” The statute also gives examples of such conduct. (§ 6320, subd. (c)(1)–(5).)

6.

B. Standard of Review

Generally, a superior court's decision to grant or deny a DVRO is reviewed for an abuse of discretion. (*Gonzalez v. Munoz* (2007) 156 Cal.App.4th 413, 420.) However, "[t]he abuse of discretion standard is not a unified standard; the deference it calls for varies according to the aspect of a trial court's ruling under review." (*Haraguchi*, *supra*, 43 Cal.4th at p. 711.)

1. *Express or implied findings of fact*

When the aspect of a superior court's ruling under review is an express or implied finding of fact, an abuse of discretion occurred if the finding is not supported by substantial evidence. (*Haraguchi*, *supra*, 43 Cal.4th at p. 711; *Loeffler v. Medina* (2009) 174 Cal.App.4th 1495, 1505 [findings relating to protective order].) Under the substantial evidence standard, "[i]t is not [an appellate court's] task to weigh conflicts and disputes in the evidence; that is the province of the trier of fact. Our authority begins and ends with a determination as to whether, on the entire record, there is *any* substantial evidence, contradicted or uncontradicted, in support of the judgment." (*Howard v. Owens Corning* (1999) 72 Cal.App.4th 621, 630–631.)

2. *Failure of proof determinations*

In comparison, when the aspect of the superior court's ruling under review is an express or implied determination that the party with the burden of proof failed to carry the burden, " 'it is misleading to characterize the failure-of-proof issue as whether substantial evidence supports the judgment.' " (*Dreyer's Grand Ice Cream, Inc. v. County of Kern*, *supra*, 218 Cal.App.4th at p. 838.) " '[W]here the issue on appeal turns on a failure of proof at trial, the question for a reviewing court becomes whether the evidence compels a finding in favor of the appellant as a matter of law.' " (*Ibid.*) A finding is compelled as a matter of law only if appellant's " 'evidence was (1) "uncontradicted and unimpeached" and (2) "of such a character and weight as to leave

7.

no room for a judicial determination that it was insufficient to support a finding."
[Citation.]' " (*Ibid.*)

### 3. Resolutions of questions of law

A superior court's ruling on a request for a DVRO also requires it to decide questions of law and apply the statute to its findings of fact. Under the abuse of discretion standard, a trial court's determination of a question of law is subject to independent appellate review, without deference to the trial court's conclusion. (See *Haraguchi*, *supra*, 43 Cal.4th at p. 712 [conclusions of law are reviewed de novo]; see *Eneaji v. Ubboe* (2014) 229 Cal.App.4th 1457, 1463 ["whether a trial court applied the correct legal standard to an issue in exercising its discretion is a question of law"].) " 'All exercises of discretion must be guided by applicable legal principles … which are derived from the statute under which discretion is conferred. [Citations.] If the court's decision is influenced by an erroneous understanding of applicable law or reflects an unawareness of the full scope of its discretion, the court has not properly exercised its discretion under the law. [Citation.] Therefore, a discretionary order based on an application of improper criteria or incorrect legal assumptions is not an exercise of informed discretion and is subject to reversal.' " (*Rodriguez v. Menjivar* (2015) 243 Cal.App.4th 816, 820; *Cooper v. Bettinger* (2015) 242 Cal.App.4th 77, 90.)

## II. FAILURE TO CONSIDER NONPHYSICAL TYPES OF ABUSE

Letticia contends the superior court denied the DVRO "against Alexander based on an extremely limited interpretation of the provisions of [the DVPA]. There is no mention whatsoever in the court's findings [about the] evidence of non-physical abuse, and those findings were, in their totality, a serious contravention of existing case law and the statutes themselves." Letticia asserts she never alleged physical abuse against Alexander, yet the superior court focused on the physical aspects of abuse "and failed to

8.

consider the non-physical aspects of domestic violence as provided for in [section] 6203, subdivisions (a)(4) and (b) and [section] 6320."

As confirmed at oral argument, Letticia contends the superior court abused its discretion because its "decision [wa]s influenced by an erroneous understanding of applicable law." (*Rodriguez v. Menjivar*, *supra*, 243 Cal.App.4th at p. 820.) We agree with Leticia that this type of abuse of discretion poses a legal question that is subject to our independent review. (See *Eneaji v. Ubboe*, *supra*, 229 Cal.App.4th at p. 1463 ["whether a trial court applied the correct legal standard to an issue in exercising its discretion is a question of law"].) Consequently, the finding-compelled-as-a-matter-of-law standard of appellate review mentioned in our briefing order does not apply to this claim of superior court error.

We note that this type of legal error constituting an abuse of discretion is closely related to other types of legal error. For instance, in *In re Marriage of Cheriton* (2001) 92 Cal.App.4th 269, the court stated that a "[f]ailure to consider and apply … statutory factors constitutes an abuse of discretion." (*Id*. at p. 305.) In *Oldham v. California Capital Fund, Inc.* (2003) 109 Cal.App.4th 421, this court concluded the superior court could not have properly exercised its discretion in approving a settlement agreement because material facts essential to determining whether the settlement was made in good faith were omitted from the record. (*Id*. at pp. 432–434.) As a result, the superior court did not know and could not have considered all the material facts, which constituted an abuse of discretion.

We recognize it is easy for an appellant to contend that a superior court failed to consider a particular point, such as evidence or statutory factors. (See *Gonzales v. Interinsurance Exchange* (1978) 84 Cal.App.3d 58, 63 ["consider" refers to the mental process of weighing of evidence].) In comparison, it is difficult for an appellant to actually demonstrate a court did not consider the evidence or factors in reaching its decision. This difficulty arises from the "fundamental principle of appellate procedure

9.

that a trial court [order or] judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) Under this principle, all presumptions are indulged to support the trial court order or judgment "on matters as to which the record is silent, and error must be affirmatively shown." (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) This presumption of correctness and the allocation of the burden to the appellant is part of California's constitutional doctrine of reversible error. (*Ibid.*; see Cal. Const., art. VI, § 13.)

A.     The Court Considered the Evidence Presented

In this case, the record is not silent as to the evidence the superior court considered and its evaluation of that evidence. When the court issued its ruling from the bench, it stated that a preponderance of the evidence is the standard of proof for a DVRO and then described the evidence underlying the allegations made. The court stated that evidence included (1) racist comments during a conversation, (2) an inappropriate conversation between Alexander and Letticia's teenage son about an incident at the prison where Alexander worked, (3) an incident where Alexander tried to obtain refinancing on the house without Letticia's agreement, (4) Alexander's conversations with Letticia about his work and suicidal thoughts, (5) actions related to Alexander's keeping or storing guns in the house, (6) Alexander's attorney hiring an investigator to determine where Letticia was living and whether she had abandoned the house, (7) a hole made in a wall at the house, and (8) an incident where Alexander, alone in a room, pushed a jewelry box out of frustration and damaged a wall. The court summarized its evaluation of the evidence by stating:

> "These incidents all, again, are issues that—things that caused more and more stress in the relationship. It's more things that caused the marriage to break up. But the Court is not finding that it rises to the level of a domestic

violence restraining order. Again, it doesn't appear and nor is there evidence that these incidents were directed at [Letticia] caused—as I stated the suicidal thoughts. Nothing was directed at her or threatening that it would occur because of her. The holes in the walls were outside of her presence. He admitted to her with the jewelry box that he caused the hole in the wall and text[ed] her to let her know—to let her know so when she saw the hole in the wall, she wouldn't come to other conclusions. She would know what occurred."

Based on this evaluation, the court concluded there was not sufficient evidence to issue a DVRO. The statements made by the court on the record demonstrate the court "considered" the conduct of Alexander that Letticia argued constituted nonphysical abuse. Thus, Letticia has failed to affirmatively demonstrate the superior court did not consider her evidence of nonphysical types of abuse when it denied her request for a DVRO.

B.    The Court Did Not Apply the Wrong Legal Standard

Next, we consider whether Letticia has affirmatively demonstrated the superior court misinterpreted the DVPA and misinterpreted the DVPA's definition of what constitutes abuse for purposes of issuing a DVRO. In particular, Letticia contends the court did not recognize the nonphysical aspects of domestic violence that constitute abuse.

First, the superior court explicitly addressed threats, which is a type of nonphysical abuse that may be enjoined by a DVRO. (§ 6320, subd. (a) [conduct that is "threatening" may be enjoined]; see § 6203, subd. (a)(4) ["abuse" includes any behavior that could be enjoined under § 6320].) The court found that nothing was directed at Letticia and that Alexander did not threaten something would occur (for example, his suicide) because of her.

Second, we have reviewed Letticia's opening brief and it does not cite statements made by the superior court during the hearing or included in its minute order that show the court misunderstood the type of abuse that justified the issuance of a DVRO. (See

11.

Cal. Rules of Court, rule 8.204(a)(1)(C); *United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 156 [if a party fails to support an argument with the necessary citations to the record, the argument will be deemed forfeited].)

Third, we have independently reviewed the oral ruling issued by the superior court near the end of the August 13, 2020 hearing. In giving its ruling, the court did not expressly state the definition of abuse that it was applying and, thus, did not state that "disturbing the peace of the other party" (§ 6320, subd. (a)) was not a type of abuse for purposes of issuing a DVRO. The lack of such a statement renders this case distinguishable from *Ritchie v. Konrad* (2004) 115 Cal.App.4th 1275. There, statements made by the superior court on the record demonstrated the court renewed the restraining order based *solely* on the plaintiff's subjective desire to have the order extended. (*Id*. at p. 1282.) Thus, the record demonstrated the court had not "considered evidence tendered by both sides and determined whether [the plaintiff's] expressed fear of future abuse was genuine and also reasonable," which was the applicable legal standard. (*Ibid*.)

Fourth, Letticia's argument that "[t]o all indications, the court based its denial of the DVRO solely on the absence of any physical abuse against Letticia" suggests that this court can infer the superior court applied the wrong definition of abuse. This suggested inference is contrary to the applicable rules of appellate review. When the record is silent on a particular matter, appellate courts must draw all reasonable inferences in favor of the superior court's order. (See *Denham v. Superior Court*, *supra*, 2 Cal.3d at p. 564.) Based on our review of the record, we conclude it is reasonable to infer the court applied the correct definition of abuse.

To summarize, Letticia has not carried her burden of demonstrating the superior court misinterpreted the DVPA by adopting an unduly narrow interpretation of abuse. Furthermore, our independent review of the court's oral ruling and written minute order

uncovered no such legal error. Therefore, the presumption of correctness has not been rebutted in this appeal.[5]

## DISPOSITION

The order denying the request for a restraining order is affirmed. Alexander is awarded his costs on appeal.

---

[5] After respondent's brief was filed, the California Supreme Court ordered depublication of an opinion that brief cited and discussed. (See *In re Marriage of L.R. & K.A.* (2021) 66 Cal.App.5th 1130, depublished Nov. 10, 2021, S271047.) The parties discussed this case during oral argument, but our decision has not relied on that opinion in any way. (See Cal. Rules of Court, rule 8.1115(a).)

13.